IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN D. RIES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 04-898 |
| ALLMERICA FINANCIAL CORPORATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Plaintiffs are former agents of Allmerica Financial Corporation and Allmerica Financial Life Insurance and Annuity Corporation (Allmerica) who filed this class action lawsuit against Allmerica and Chief Executive Officer Frederick Eppinger, Jr. alleging state law claims related to commission payments. Defendants removed the case to this Court and now seek a transfer under 28 U.S.C. § 1404 while Plaintiffs request remand under 28 U.S.C. § 1447. After careful consideration, the Court will transfer this case, including Plaintiffs' motion to remand, to the United States District Court for the District of Massachusetts.

**II.  Statement of Facts**

On June 11, 2004 Plaintiffs filed a three count class action lawsuit against Defendants in the Court of Common Pleas of Allegheny County alleging common law breach of contract and violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* On June 17, 2004, Defendants removed the case to this Court and then filed a motion to transfer pursuant to 28 U.S.C. § 1404(a). On July 13, 2004 Plaintiffs filed a motion to remand the case to

state court, arguing lack of subject matter jurisdiction. Specifically, Plaintiffs claim that they do not meet the amount in controversy required to invoke diversity jurisdiction under 28 U.S.C. § 1332, and that there is no federal question jurisdiction under the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. § 77p.

Approximately one month before Plaintiffs filed the instant action, on May 17, 2004, a similar class action was filed against the same Defendants in the United States District Court for the District of Massachusetts. Stephen H. Wedel was a named plaintiff in both cases until Plaintiffs here voluntarily dismissed Mr. Wedel's claims pursuant to Fed. R. Civ. P. 41 contemporaneous with their motion to remand.

## III.     Analysis

### A.     Defendants' Motion to Transfer

A district court may transfer a civil case to another district "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-880 (3d Cir. 1995), the Court of Appeals for the Third Circuit articulated specific public and private considerations for transfer such as: where the claim arose, the plaintiff's choice of forum, the location of evidence, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative wealth of the parties, the enforceability of the judgment and the relative administrative difficulty in the two fora resulting from court congestion.

Here, Plaintiffs rely exclusively upon their motion to remand; they neither make argument nor proffer evidence to suggest why this case should not be transferred to Massachusetts.

2

Conversely, Defendants provided an affidavit and argue at length that the case would proceed in a more efficient and convenient manner because many key witnesses are located in Massachusetts, most relevant documents are located in Massachusetts, and a similar class action lawsuit is pending in Massachusetts.

Even giving Plaintiffs every benefit of doubt, such as affording weight to their choice of forum (though the state court is their true choice of forum), they cannot overcome, nor do they attempt to overcome, the overwhelming weight of convenience and efficiency factors favoring Defendants. *See Supco Automotive Parts, Inc. v. Triangle Auto Spring Co.*, 538 F. Supp. 1187, 1191 (E.D. Pa. 1982) (where plaintiff seeks to represent a class of many potential plaintiffs scattered across the country, plaintiff's choice of forum deserves less weight); *Blake Constr. Co. v. International Harvester Co.*, 521 F. Supp. 1268, 1271 (N. D. Ill. 1981) ("national securities class actions are not localized controversies"); *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524 (1947). Two separate class actions in separate jurisdictions involving many common issues would be a great and unnecessary waste of limited judicial resources. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of timing, energy and money that § 1404(a) was designed to prevent"); *Blake Constr.*, 521 F. Supp. at 1271 (transfer granted where similar class action was pending in transferee court). Thus, the Court finds that the considerations outlined by the Court of Appeals in *Jumara* weigh substantially in favor of Defendants and will transfer this case to Massachusetts.

### B. Plaintiffs' Motion to Remand

Plaintiffs' motion to remand argues that this Court lacks subject matter jurisdiction over the case. At the same time, Plaintiffs make no argument that this Court should decide their motion before deciding Defendants' motion to transfer. Neither party notes any rule requiring a court to decide one before the other, and the Court is unaware of such a mandate.

Defendants argue that the Court should transfer the case before ruling on the motion to remand, citing, *inter alia*, *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354 (M.D. Ala. 1998). In *Gould*, the district court was faced with a similar situation involving a nationwide class action suit involving the sale of insurance policies. At the outset, the court noted that, as is the case here, "the parties agree on at least one thing - they want this case to go elsewhere." *Id.* at 1355. The court declined to address the plaintiff's motion to remand and transferred the case to Vermont where it could be consolidated with similar cases. *Id.* at 1364. It reasoned as follows:

> The District Court of Vermont is also in a better position to deal with the remand in this case. The arguments at issue are largely over the amount in controversy, and concern facts regarding the value of the policies and the amount needed to pay them off. The Vermont district court is in a better position to answer these questions. In any event, however, Plaintiff will not be prejudiced by Vermont's consideration of these questions since remand law is a law of general federal application.

*Id.* at 1362.

The Court finds *Gould* apposite and persuasive. The motion to remand contests federal jurisdiction, a subject that the Massachusetts court is equally able to address as is this Court. Accordingly, this Court will defer to the good judgment of the U. S. District Court for the District of Massachusetts regarding Plaintiffs' motion.

4

IV.     **Conclusion and Order**

Based on the foregoing reasoning, it is hereby ORDERED that Defendants' Motion to Transfer (Document No. 6) is GRANTED. The above-captioned case is TRANSFERRED FORTHWITH to the United States District Court for the District of Massachusetts.

Dated: August 16, 2004

*Thos M. Hardiman*
Thomas M. Hardiman
United States District Judge

cc: counsel of record as listed below

Robert D. Finkel, Esq.
Nathan H. Schmitt, Esq.
Manion McDonough & Lucas
1414 US Steel Tower, 600 Grant Street
Pittsburgh, PA   15219-2702

William C. Ries, Esq.
Tucker Arensberg
1500 One PPG Place
Pittsburgh, PA   15222

Andrea J. Robinson, Esq.
Jonathan A. Shapiro, Esq.
Wilmer Cutler Pickering Hale & Dorr
60 State Street
Boston, MA   02109

Ron R. Parry, Esq.
Parry Deering Futschier & Sparks
128 East Second Street
Covington, KY   41011-2618

CERTIFIED FROM THE RECORD
Date   8/16/04
ROBERT V. BARTH, JR., CLERK
By _____
Deputy Clerk