UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SEAN D. RIES, JOHN R. MURRAY,
PHILIP C. HENRY, STEPHEN H.
WEDEL, and others similarly situated,

    Plaintiffs,

v.

ALLMERICA FINANCIAL
CORPORATION, ALLMERICA
FINANCIAL LIFE INSURANCE AND
ANNUITY COMPANY, and
FREDERICK H. EPPINGER, JR.,

    Defendants.

Civil Action No. 04-0898



## MEMORANDUM IN SUPPORT OF ALLMERICA'S MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), defendants Allmerica Financial Corporation and Allmerica Financial Life Insurance and Annuity Company (collectively, "Allmerica") move to transfer this case to the United States District Court for the District of Massachusetts (Worcester Division).[1]

As set forth more fully below, this case should be transferred for two reasons. First, the litigants and the facts underlying their dispute are tied closely to Massachusetts. Plaintiffs have only sued Massachusetts residents: Allmerica is a

---

[1] Defendant Frederick H. Eppinger, Jr., who was President and Chief Executive Officer of Allmerica Financial Corp., does not oppose a transfer to Massachusetts, where he lives and works. In fact, a serious question may exist as to whether there is personal jurisdiction over Mr. Eppinger in Pennsylvania. All of the defendants will file motions to dismiss on or before July 23, 2004.

Massachusetts corporation with headquarters in Worcester, Massachusetts, and Mr. Eppinger lives and works in Massachusetts. Plaintiffs -- a putative *national* class of former Allmerica agents -- challenge, inter alia, business practices that Allmerica established and decisions it made at its Worcester headquarters and, as such, the majority of likely witnesses and relevant documents are located in Massachusetts.

Second, upon transfer this case may be consolidated with a closely-related class action against Allmerica that was filed in the District of Massachusetts the day after defendants received this Complaint, by a named plaintiff in this case (Stephen H. Wedel) on behalf of a more broadly defined *national* class that includes plaintiffs. See Speakman, et al. v. Allmerica Financial Life Ins. & Annuity Co., et al., C.A. No. 04-40077 (D. Mass.) (the "Massachusetts Action").[2] In the Massachusetts Complaint, plaintiffs not only asserted similar claims against Allmerica based on the same or similar business practices, but in so doing *affirmatively* alleged that "all of Allmerica's business decisions and conduct that are the subject of this lawsuit occurred in Worcester, Massachusetts." Massachusetts Complaint ¶ 8. Thus, the private and public interests weigh heavily in favor of a transfer to Massachusetts, as to do so will eliminate duplicative discovery, motion practice and the potential for conflicting decisions.

## BACKGROUND

### I. Pennsylvania Action.

Plaintiffs are former Allmerica agents who filed this putative class action against Allmerica and its President and Chief Executive Officer on May 12, 2004 in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Pennsylvania Action").

---

[2] A copy of the original complaint in the Massachusetts Action is attached as Exhibit 1 to the Affidavit of Michael Reardon (hereinafter "Reardon Aff."). Plaintiffs in the Massachusetts Action filed an amended complaint on June 23, 2004.

Plaintiffs claim that Allmerica failed to fulfill its obligations to a putative national class of former agents with respect to the sale of variable life insurance policies and variable annuities. See Pennsylvania Complaint ¶¶ 26-40. Plaintiffs assert claims for breach of contract, violation of wage payment and collection law, and seek a preliminary injunction. See id. ¶¶ 55-68.

On June 15, 2004, defendants removed the Pennsylvania Action to this Court.

## II. Massachusetts Action.

On May 18, 2004 -- one day after service of the Pennsylvania Complaint -- named plaintiff Stephen H. Wedel and others filed another putative class action lawsuit against Allmerica, this time in the United States District Court for the District of Massachusetts. See Massachusetts Complaint. The Massachusetts Action also is brought on behalf of a national class of former Allmerica agents (and as defined includes members of the putative Pennsylvania Class), and also claims that Allmerica failed to fulfill its obligations under commission arrangements relating to their sale of variable life insurance policies and variable annuities. See Massachusetts Complaint ¶¶ 1-5, 13-35. Plaintiffs again assert claims for breach of contract (among others) and again seek compensatory damages and equitable relief. See id. ¶¶ 60-70 and Prayer for Relief.

## ARGUMENT

Defendants seek transfer pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

See also Jumara v. State Farm Ins. Co., 55 F.3d 873, 878-79 (3d Cir. 1995) (court may transfer case provided venue is proper in both original and transferee forum). The

-3-

statute is pragmatic; courts consider an array of private and public interests, for example, taking into account the transferee district's relationship to the disputed events and decisions, the preferences and convenience of the parties, the location of documents and witnesses, and practical case management considerations, such as where the matter could be most efficiently resolved and the need to avoid duplicative pre-trial proceedings. See id.

For the reasons set forth below, this case should be transferred to Massachusetts because: (1) venue is proper in Massachusetts; (2) Massachusetts is the most convenient forum; and (3) it is in the interest of justice that the case be consolidated with the substantially similar class action that plaintiffs filed against Allmerica in Massachusetts.

## I. VENUE IS PROPER IN THE DISTRICT OF MASSACHUSETTS.

There is no question that the District of Massachusetts is an appropriate venue in which to adjudicate this lawsuit. See 28 U.S.C. § 1404(a) (case may be transferred to any district or division where the case "might have been brought"); Hoffman v. Blaski, 363 U.S. 335, 344 (1960); Saint Gobain Calmar, Inc. v. National Prods. Corp., 230 F. Supp. 2d 655, 658 (E.D. Pa. 2002). The Complaint could have been brought in Massachusetts pursuant to 28 U.S.C. § 1391(a)(1) because "all defendants reside" in Massachusetts, which is where Allmerica is incorporated and maintains its principal place of business and where Mr. Eppinger also lives and works. See Pennsylvania Complaint ¶¶ 5, 6. Moreover, a "substantial part of the events or omissions giving rise to the claim" occurred in Massachusetts because plaintiffs make allegations about commission programs for the sale of variable annuities and life insurance that Allmerica

allegedly established and administered from its home office in Worcester, Massachusetts. See 28 U.S.C. § 1391(a)(2); Reardon Aff. ¶ 5.

## II. TRANSFER WOULD SERVE THE CONVENIENCE OF THE PARTIES AND THE INTEREST OF JUSTICE BECAUSE THE ALLEGED EVENTS GIVING RISE TO THE CASE OCCURRED IN MASSACHUSETTS AND MOST WITNESSES AND DOCUMENTS ARE IN MASSACHUSETTS.

Massachusetts is the most convenient and practical forum for this lawsuit. See 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879. All of the defendants are in Massachusetts; Allmerica's principal place of business is in Worcester, Massachusetts, and as plaintiffs acknowledge Allmerica no longer even maintains a satellite office in the Western District of Pennsylvania. See Pennsylvania Complaint ¶ 7. Mr. Eppinger also resides in Massachusetts. See id. ¶ 6. Plaintiffs apparently also consider Massachusetts to be a sufficiently convenient forum insofar as they just sued Allmerica in Worcester on behalf of a national class that includes plaintiffs here:

> On information and belief, all of Allmerica's business decisions and conduct that are the subject of this lawsuit occurred in Worcester, Massachusetts, which is the principal place of business of [Allmerica]. Accordingly, the acts and events giving rise to the violations and wrongful conduct complained of herein occurred in [the District of Massachusetts].

Massachusetts Complaint ¶ 8.[3] Plaintiffs are bound to -- and cannot now disavow -- the factual assertions they made in that Massachusetts Complaint, especially because those assertions were made to invoke the diversity jurisdiction of the District of Massachusetts. See generally New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("where a party assumes a certain position in a legal proceeding, and succeeds in

---

[3] Defendants do not admit these or other allegations in either of plaintiffs' complaints.

maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . .").

Plaintiffs are correct in the Massachusetts Complaint that national class action litigation between Allmerica and its former agents should proceed in Worcester. Most of the documents maintained by Allmerica that likely will be relevant to this case are located in Massachusetts; for example:

- Documents concerning Allmerica's employment of and relationships with plaintiffs and other members of the national class are located in Worcester, Massachusetts.

- Documents concerning plaintiffs' sale of non-proprietary products (and concerning the customers who purchased them) are located in Worcester, Massachusetts.

- Documents concerning the establishment and administration of Allmerica's commission programs are located in Worcester, Massachusetts.

- Documents concerning Allmerica's financial position and ratings in 2002 and 2003 are located in Worcester, Massachusetts.

Compare Pennsylvania Complaint ¶¶ 9-13, 27-54 with Reardon Aff. ¶ 4. Transfer is warranted where, as here, relevant documents are located in the transferee forum. See Applied Card Sys., Inc. v. Winthrop Resources Corp., No. Civ. A. 03-4104, 2003 WL 22351950, at *3 (E.D. Pa. Sept. 23, 2003) (transferring action to Minnesota where defendant's "employees and all of its records are located in Minnesota"); Brink v. Ecologic, Inc., No. 97-40209, 1997 WL 781603, at *6 (E.D. Mich. Nov. 14, 1997) (granting motion to transfer where, as here, majority of witnesses located in transferee forum).

Massachusetts also is more convenient for potential witnesses in this case, including Allmerica management that will be called upon to testify. The current and

former Allmerica personnel with knowledge of the programs and decisions that plaintiffs challenge are located in Massachusetts. See Reardon Aff. ¶ 4. See also Massachusetts Complaint ¶ 8 (plaintiffs alleging that "Allmerica's business decisions" in 2002 and 2003 "occurred in Worcester, Massachusetts"). The convenience of a Massachusetts forum for potential witnesses weighs in favor of transfer. See GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs., Inc., No. Civ. 02-1224 RHK/AJB, 2003 WL 1572007, at *3-4 (D. Minn. Mar. 13, 2003) (granting motion to transfer where witnesses located in the transferee forum). Moreover, a transfer to Massachusetts will minimize the interference with Allmerica's business during discovery and, if necessary, at the trial. See Kirschner Bros. Oil, Inc. v. Pannill, 697 F. Supp. 804, 807 (D. Del. 1988) (action should be transferred to "minimize[e] the interference with the efficient conduct of [party's] business during the trial").

Simply put, it would be impractical to adjudicate in Pennsylvania a national class action against exclusively Massachusetts residents where plaintiffs allege that events underlying their dispute with Allmerica occurred in Massachusetts, and the majority of relevant documents and witnesses remain in Massachusetts.[4]

## III. TRANSFER WILL AVOID DUPLICATIVE CLASS ACTION LITIGATION BETWEEN THE SAME PARTIES, BUT IN DIFFERENT STATES.

Transfer to Massachusetts is particularly appropriate because otherwise the same plaintiffs' recent filing of the substantially similar Massachusetts Action against Allmerica will result in duplicative litigation, which is the "wastefulness of time, money

---

[4] The relationship of this case to Massachusetts, both in terms of the location of documents and witnesses and the pendency of the Massachusetts Action, overcomes the usual weight accorded to plaintiffs' choice of forum. See Gallant v. Trustees of Columbia Univ., 111 F. Supp. 2d 638, 646-47 (E.D. Pa. 2000) ("plaintiffs' choice given less weight where . . . few, if any, of the operative facts took place in this forum, and the defendant has indicated a strong preference for another forum"); Klauder & Nunno Enters., Inc. v. Hereford Assocs. Inc., 723 F. Supp. 336, 351 (E.D. Pa. 1989) (plaintiff's choice "obviously cannot be determinative, lest [transfer under § 1404(a)] be rendered nugatory").

and energy that § 1404(a) was designed to prevent." See Continental Grain Co. v. The FBL, 364 U.S. 19, 26 (1960). Indeed, Stephen H. Wedel (from Missouri) not only is a named plaintiff in *both* cases, but in the Massachusetts Action purports to represent a national class (of agents who sold variable annuities prior to the end of 2003) which is cast more broadly and subsumes most or all of the more narrow putative class in Pennsylvania (of agents who sold variable life insurance and annuities from October 1, 2002 to November 15, 2002). See Applied Card Sys., 2003 WL 22351950, at *3 (transfer warranted where, as here, related litigation pending between same parties in alternate forum; "it would be a waste of judicial resources" to allow both cases to proceed).

Moreover, the two cases are based on a common set of facts -- both complaints allege the deterioration of Allmerica's financial position and insurance ratings, and challenge Allmerica's dealings with agents concerning the sale of variable products in 2002 and 2003. In both actions, plaintiffs assert claims for breach of contract and seek injunctive/equitable relief. See Bank Express Int'l v. Kang, 265 F. Supp. 2d 497, 507 (E.D. Pa. 2003) (ordering § 1404(a) transfer *sua sponte* based on "waste of judicial resources" that would result from litigation of essentially same facts in two district courts). Plaintiffs' attempt to bifurcate the dispute is improper:

> There is a *strong policy favoring the litigation of related claims in the same tribunal* in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent rulings can be avoided . . . . Accordingly, cases often have cited the *pendency of related actions as strongly supporting the transfer* of an action to that court.

Harve Benard Ltd. v. Nathan Rothschild, K.I.D. Int'l, Inc., No. 02 Civ. 4033 (JGK), 2003 WL 367859, at *6 (S.D.N.Y. Feb. 19, 2003) (emphasis supplied); see also Bayer Bioscience N.V. v. Monsanto Co., No. C.A. 03-023GMS, 2003 WL 1565864, at *2 (D. Del. Mar. 25, 2003) (where parties were litigating related issues in another forum, "convenience in the aggregate would be substantially increased with a transfer of forum").

At bottom, transfer to Massachusetts will conserve judicial and litigant resources through coordinated pre-trial discovery, and it will eliminate potentially duplicative motion practice. See GMAC/Residential Funding, 2003 WL 1572007, at *2 ("Judicial economy is served by allowing related actions to proceed in the same district."). Transfer to Massachusetts also will foreclose potentially conflicting decisions concerning the rights of the parties and Allmerica's ability to run its business, which certainly could result if the parties litigate their dispute in separate fora. See National Union Fire Ins. v. Turtur, 743 F. Supp. 260, 263 (S.D.N.Y. 1990) (efficient pretrial discovery favors transfer, especially where, as here, litigation in different forums may lead to inconsistent results).

## CONCLUSION

For the foregoing reasons, Allmerica respectfully requests that the Court transfer this action to the United States District Court for the District of Massachusetts.

MANION McDONOUGH & LUCAS, PC

By: _/s/ illegible signature_

Robert D. Finkel, Esq.
Pa. I.D. #71130; Firm ID #786
Nathan H. Schmitt, Esq.
Pa. I.D. #89421
1414 U.S. Steel Tower, 600 Grant St.
Pittsburgh, PA 15219-2702
(412) 232-0200

Dated: June 28, 2004

Attorneys for Defendants,
ALLMERICA FINANCIAL CORP.,
ALLMERICA FINANCIAL LIFE
INSURANCE AND ANNUITY CO.
and FREDERICK H. EPPINGER, JR.

Of Counsel

Andrea J. Robinson, Esq.
Jonathan A. Shapiro, Esq.
Eric D. Levin, Esq.
Brett R. Budzinski, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within MEMORANDUM IN SUPPORT OF ALLMERICA'S MOTION TO TRANSFER was served on the 28th day of June, 2004 by first-class mail, postage prepaid, upon the following counsel of record::

William C. Ries, Esq.
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222

Ron R. Parry, Esq.
Parry, Deering, Futschier & Sparks, P.S.C.
128 East Second Street
Covington, KY 41011-2618

*[signature]*