IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR.,<br><br>Defendants. | Civil Action No. 04-0898 |

## MOTION TO REMAND PURSUANT TO 28 U.S.C. §1447

NOW COMES, Plaintiffs, Sean D. Ries, John R. Murray, Philip C. Henry, and others similarly situated, by and through their undersigned counsel, and, pursuant to 28 U.S.C. §1447, moves this Honorable Court to remand this matter to the Court of Common Pleas of Allegheny County, Pennsylvania, and in support thereof avers as follows:

1.  On May 12, 2004, Plaintiffs filed a Class Action Complaint against Defendants in the Court of Common Pleas of Allegheny County seeking money

damages and injunctive relief in connection with their former employment with Allmerica Financial Corporation.

2.   The Complaint asserts a breach of contract count and a cause of action under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. against the corporate Defendants.

3.   The cause of action against Frederick H. Eppinger, Jr., the President and Chief Executive Officer of the Defendant, Allmerica Financial Corporation, is also an action under the Pennsylvania Wage Payment and Collection Law.  Eppinger, Jr. is an employer as defined in the Pennsylvania Wage Payment and Collection Law.

4.   The Plaintiffs are three (3) former financial advisors employed by Allmerica Financial Corporation.

5.   During the period from October 1, 2002 through November 15, 2002, the Plaintiffs earned commissions from the Defendants and were paid those commissions pursuant to a new commission program that had been implemented by Allmerica.  The commission arrangement provided that the financial advisors would earn a 100% pay-out on commissions on the sale of all non-proprietary annuities and variable life products (including replacement products).  This change represented a significant increase from the previous commission arrangement which paid the financial

advisors approximately 65% of the total commission paid by the company from whom the non-proprietary product was purchased.

6.  This commission arrangement applied to the sale of annuities and variable life insurance products only and did not apply to the sale of securities.

7.  In response to the implementation of this program, the Plaintiffs replaced and transferred business during the applicable time period and earned commissions from Allmerica.

8.  In May 2003, Allmerica began a course of conduct whereby they unilaterally began to recoup or "collect back" the commissions that had been paid to the Plaintiffs.

9.  The Defendants are seeking to collect the sum of $10,428.33 from the Plaintiff Sean D. Ries (See Paragraph 50 of Complaint), and have already re-couped some of that money from trail commissions that are being paid to Sean D. Ries.

10. The Defendants are seeking to collect the sum of $8,996.23 from the Plaintiff John R. Murray (See Paragraph 51 of Complaint), and have already re-couped some of that money from trail commissions that are being paid to John R. Murray.

11. The Defendants are seeking to collect the sum of $20,334.70 from the Plaintiff Philip C. Henry (See Paragraph 52 of Complaint), and have already re-couped some of that money from trail commissions that are being paid to Philip C. Henry.

## I. REMOVAL OF THIS ACTION TO FEDERAL COURT IS IMPROPER SINCE THE AMOUNT IN CONTROVERSY FOR EACH PLAINTIFF DOES NOT EXCEED $75,000

12. In order for this case to be removed to Federal Court, there must be an amount in controversy for each Plaintiff of more than $75,000 pursuant to 28 U.S.C. §1332 (diversity of citizenship and an amount in controversy exceeding the jurisdictional limit of $75,000). Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 67 U.S.L.W. 1454 (3d. Cir. 1999).

13. It is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand. Miller v. Liberty Mutual Group, 97 F.Supp.2d 672, 674, (W.D.Pa. 2000) citing Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992). The removal statute is to be strictly construed to restrict diversity litigation in the federal courts. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d. Cir. 1999).

14. The amount in controversy for the Plaintiffs is as follows:
    Ries    $10,428.33   (See Paragraph 50 of Complaint)

4

        Murray        $ 8,996.23   (See Paragraph 51 of Complaint)

        Henry         $20,334.70   (See Paragraph 52 of Complaint)

15. It is clear that on the face of the Complaint, none of the Plaintiffs' claims exceed the jurisdictional amount for diversity jurisdiction.

16. The Plaintiffs' claims cannot be aggregated to meet the $75,000 threshold. See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d. Cir. 1999).

WHEREFORE, Plaintiffs Sean D. Ries, John R. Murray, and Philip C. Henry, and others similarly situated respectfully request that this Honorable Court remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania, for all further proceedings. Plaintiffs further request attorneys' fees and costs as permitted by 28 U.S.C. §1447(c) incurred as a result of this Motion.

## II. REMOVAL OF THIS ACTION TO FEDERAL COURT IS IMPROPER BECAUSE THERE IS NO FEDERAL QUESTION JURISDICTION

17. The Defendants have also alleged that this Court has subject matter jurisdiction and removal is proper under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2).

18. While it is true that any covered class action brought in State court involving a **covered security** is to be removed to Federal Court, the transactions involved in this case to do not involve a "covered security" as that term is defined in SLUSA.

19. A "covered security" means a security that satisfies the standards for a covered security as specified in Paragraphs (1) or (2) of Section 18(b) of the Securities Act of 1933 [15 U.S.C.A. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred. See 15 U.S.C. § 78bb(f)(5)(E).

20. This case does not involve misrepresentations regarding the sale of securities. A covered security is a security that is listed, or is authorized for listing, on a stock exchange. See 15 U.S.C.A. § 77r(b).

21. This case deals with the payment of commissions to financial advisors employed by Allmerica and the attempts by Allmerica to charge-back or recover those commissions that were earned and paid.

22. The annuities and variable life insurance products that were marketed and sold by the Plaintiffs that resulted in them being paid the commissions are not "covered securities". Therefore, removal based on federal question jurisdiction is improper.

WHEREFORE, Plaintiffs Sean D. Ries, John R. Murray, and Philip C. Henry, and others similarly situated respectfully request that this Honorable Court remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania, for all further proceedings. Plaintiffs further request attorneys' fees and costs as permitted by 28 U.S.C. §1447(c) incurred as a result of this Motion.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: _____
William C. Ries, Esquire
Robert L. McTiernan, Esquire
Jonathan S. McAnney, Esquire
Ron R. Parry, Esquire
Robert R. Sparks, Esquire

Attorneys for Plaintiffs
Sean D. Ries, John R. Murray, and
Philip C. Henry

LIT:328227-1 020948-113328

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR.,<br><br>   Defendants. | Civil Action No. 04-0898 |

## **ORDER**

AND NOW, to with, this _____ day of _____, 2004, upon consideration of Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. §1447, it is hereby ORDERED, ADJUDGED, and DECREED that said Motion is GRANTED and this action is hereby REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania for all further proceedings.

Plaintiffs are further awarded $_____ as costs and fees pursuant to 28 U.S.C. §1447(c).

                  BY THE COURT,


                  _____J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Motion to Remand Pursuant to 28 U.S.C. §1447 was served upon counsel for Defendants via U.S. First Class Mail, postage prepaid, on the ___13___ day of July 2004, at the address set forth below:

Robert D. Finkel, Esquire
Nathan H. Schmitt, Esquire
Manion McDonough & Lucas, P.C.
1414 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219-2702

_____
Jonathan S. McAnney

LIT:328227-1 020948-113328