IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN D. RIES, JOHN R. MURRAY, )
PHILIP C. HENRY, and others )
similarly situated, )
                         )
        Plaintiffs, )
                         )   Civil Action No. 04-0898
    v. )
                         )
ALLMERICA FINANCIAL )
CORPORATION, ALLMERICA )
FINANCIAL LIFE INSURANCE AND )
ANNUITY COMPANY, and )
FREDERICK H. EPPINGER, JR., )
                         )
        Defendants. )

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO DISTRICT OF MASSACHUSETTS

NOW COMES, Plaintiffs, Sean D. Ries, John R. Murray, Philip C. Henry, and others similarly situated, by and through their undersigned counsel, and files this Brief in Opposition to Defendants' Motion to Transfer to District of Massachusetts.

### I.    PROCEDURAL HISTORY

On May 12, 2004, Plaintiffs filed a Class Action Complaint against Defendants in the Court of Common Pleas of Allegheny County seeking money damages and injunctive relief in connection with their former employment with Allmerica Financial Corporation. The Complaint asserts a breach of contract count and a cause

of action under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, et seq. against the corporate Defendants.

On June 15, 2004, the Defendants filed a Notice of Removal. On June 28, 2004, the Defendants filed their Motion to Transfer to District of Massachusetts.

On July 13, 2004, the Plaintiff, Stephen H. Wedel filed a Notice of Voluntarily Dismissal Pursuant to Rule 41. Wedel was the only non-resident of Pennsylvania named as a class representative. He is no longer a named Plaintiff.

On July 13, 2004, the remaining class representative-Plaintiffs filed a Motion to Remand Pursuant to 28 U.S.C. §1447. For the reasons set forth herein, the Plaintiffs' Motion to Remand should be granted. Logically, the Defendant's Motion to Transfer to District of Massachusetts must also be denied.

## II.    ARGUMENT

Implicit in the filing of the Motion to Remand was the fact that the Plaintiffs oppose the removal of this case to Federal Court and the transfer of this case to Massachusetts. The instant case should be returned to the Court of Common Pleas of Allegheny County so that the State Court-claims of these Allegheny County-resident Plaintiffs can be adjudicated. There are two reasons why the case must be remanded.

The first reason why this case should be remanded to State Court is that the District Court lacks jurisdiction of this action. In order for this case to be removed to Federal Court, there must be an amount in controversy for each Plaintiff of more than $75,000 pursuant to 28 U.S.C. §1332 (diversity of citizenship and an amount in controversy exceeding the jurisdictional limit of $75,000). Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 67 U.S.L.W. 1454 (3d. Cir. 1999). It is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand. Miller v. Liberty Mutual Group, 97 F.Supp.2d 672, 674, (W.D.Pa. 2000) citing Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992). The removal statute is to be strictly construed to restrict diversity litigation in the federal courts. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d. Cir. 1999).

The amount in controversy for the Plaintiffs is as follows:

| | | |
|---|---|---|
| Ries | $10,428.33 | (See Paragraph 50 of Complaint) |
| Murray | $ 8,996.23 | (See Paragraph 51 of Complaint) |
| Henry | $20,334.70 | (See Paragraph 52 of Complaint) |

It is clear that on the face of the Complaint, none of the Plaintiffs' claims exceed the jurisdictional amount for diversity jurisdiction. Transferring the case to Massachusetts when the amount in controversy does not satisfy jurisdictional requirements is not permitted.

The second reason why this case should be remanded, and why transfer is also inappropriate, is that the federal question jurisdiction does not exist. The Defendants allege that this Court has subject matter jurisdiction and removal is proper under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2). The transactions in this case do not involve a "covered security" as that term is defined in SLUSA. This case involves the payment of wages and the attempt by the Defendants to re-coup and collect-back those wages. There are no issues related to the sales of the annuities by the financial advisors employed by Allmerica. The purchases of the annuity and insurance produces are not claiming any fraud or misrepresentation in the sale of those products. The only issues relate to the commissions earned on the sale of those annuities by the Plaintiffs.

This case does not involve any questions as to the suitability of or appropriateness of the annuity and insurance products. The case will deal with certain representations made by the Defendants as to the compensation system that was in place for financial advisors employed by the Defendants. The annuities and variable life insurance products that were marketed and sold by the Plaintiffs that resulted in them being paid the commissions are not "covered securities". Therefore, removal based on federal question jurisdiction is improper.

The only Plaintiffs in this case are Allegheny County, Pennsylvania residents, **none of whom are parties in the Massachusetts class action case filed against Allmerica**. This Court cannot assume jurisdiction of the Complaint filed by

4

these Allegheny County, Pennsylvania residents whose causes of action do not exceed $75,000, even in the aggregate. Removal is improper, and transfer is also inappropriate.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: _____
William C. Ries, Esquire
Robert L. McTiernan, Esquire
Jonathan S. McAnney, Esquire
Ron R. Parry, Esquire
Robert R. Sparks, Esquire

Attorneys for Plaintiffs
Sean D. Ries, John R. Murray, and
Philip C. Henry

LIT:331337-1 020948-113328

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Opposition to Defendants' Motion to Transfer to District of Massachusetts was served upon counsel for Defendants via U.S. First Class Mail, postage prepaid, on the 3 day of August 2004, at the address set forth below:

> Robert D. Finkel, Esquire
> Nathan H. Schmitt, Esquire
> Manion McDonough & Lucas, P.C.
> 1414 U.S. Steel Tower
> 600 Grant Street
> Pittsburgh, PA  15219-2702

_____
Jonathan S. McAnney

LIT:331337-1 020948-113328