UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SEAN D. RIES, JOHN R. MURRAY,
PHILIP C. HENRY, and others similarly
situated,

    Plaintiffs,

    v.

ALLMERICA FINANCIAL
CORPORATION, ALLMERICA
FINANCIAL LIFE INSURANCE AND
ANNUITY COMPANY, and
FREDERICK H. EPPINGER, JR.,

    Defendants.

Civil Action No. 04-CV-0898

Judge Thomas M. Hardiman



**ALLMERICA'S MOTION TO STRIKE (OR, IN THE ALTERNATIVE,
REPLY TO) PLAINTIFFS' UNTIMELY OPPOSITION TO
MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

Defendants Allmerica Financial Corp. and Allmerica Financial Life Insurance and Annuity Company (collectively, "Allmerica") hereby move to strike as untimely plaintiffs' Opposition to Allmerica's Motion to Transfer to the District of Massachusetts. Plaintiffs filed the Opposition on August 3, 2004, which was approximately *one month* after the filing deadline established under this Court's Order on Motions Practice.[1]

In the alternative, if the Court does not strike plaintiffs' untimely Opposition, Allmerica respectfully submits that the Opposition provides no cogent legal argument nor factual basis why this case should not be transferred to the District of Massachusetts, where it may be consolidated

---

[1] Specifically, Allmerica filed its Motion to Transfer on June 28, 2004 and, therefore, under the deadlines set by the Court's Order on Motions Practice, any opposition by plaintiffs was due on July 6, 2004. See Scheduling Order ¶ 2 ("Responses to non-dispositive motions shall be filed within (5) days"). Indeed, under the Court's Order the Opposition would be more than *two weeks* late even if a transfer motion was a "dispositive" motion (it plainly is not).

with the larger pending class action brought against Allmerica (which is headquartered and incorporated in Massachusetts) on behalf of a national plaintiff class that includes the Pennsylvania plaintiffs. In addition:

1. Plaintiffs do not deny that this Court can and should decide the Motion to Transfer before addressing the Motion to Remand, so the District of Massachusetts may consider that and any other jurisdictional issues in the context of plaintiffs' *entire* dispute with Allmerica. See Allmerica's Opp. to Remand at 2-5. Indeed, although plaintiffs favor the piecemeal approach, they do not address the many cases cited in Allmerica's Opposition to their Motion to Remand holding that where, as here, a related case is pending in the transferee forum, the case should be transferred before ruling on any motion to remand. See id. at 3-5 & n.3 (citing fourteen cases; none addressed by plaintiffs).

2. Plaintiffs mislead with the blithe assertion that they are not "parties" in the Massachusetts Action. See Pls.' Opp. at 4. They do not and cannot deny that -- according to the class definitions set forth in the complaints filed under Rule 11 -- they and the class they purportedly represent in Pennsylvania are *members of the putative national class* of plaintiffs that sued Allmerica in the Massachusetts Action. See Allmerica's Mem. in Supp. of Mot. to Transfer at 3. Nor can plaintiffs erase the affirmative allegations made in both the original and amended Massachusetts class action complaints that jurisdiction and venue are proper in the District of Massachusetts. See id. at 5 (citing Massachusetts Complaint ¶ 8). Finally, plaintiffs cannot change the fact that Stephen H. Wedel is the named plaintiff who filed both this Pennsylvania Action and the Massachusetts Action; their recent attempt to back-pedal by voluntarily dismissing Mr. Wedel from the Pennsylvania case is legally irrelevant because in the

2

Third Circuit the date the case was removed to this Court (on June 15, 2004, when Mr. Wedel was a named plaintiff) is the only date that matters.[2]

3.  Plaintiffs do not attempt to explain in their Opposition to Transfer why the District of Massachusetts is not the most appropriate forum, much less why Pennsylvania is better. First, plaintiffs do not address any of the transfer criteria under 28 U.S.C. § 1404(a). Nor do they respond to the seven cases that have rejected as "wasteful" plaintiffs' attempt to bring piecemeal class actions, against the same defendants but in different states. See Allmerica's Mem. in Supp. of Mot. to Transfer at 7-9.[3] Second, plaintiffs similarly ignore the facts; they have not responded to Allmerica's affidavit, nor have they submitted any evidence of their own. Third, plaintiffs do not deny that the Massachusetts Action is pending against the same Allmerica entities they also sued in Pennsylvania; that Allmerica is headquartered and incorporated in Worcester, Massachusetts; nor that the relevant documents maintained by Allmerica and key witnesses are located in Massachusetts. See id. at 5-7. Finally, nothing can change that Mr. Wedel and the other plaintiffs who filed the Massachusetts Action invoked that court's jurisdiction by affirmatively alleging in their Complaint (and again in the Amended Complaint) that Massachusetts was the most appropriate venue for a national class of former Allmerica agents (again, including the Pennsylvania plaintiffs) to sue Allmerica. See Massachusetts Complaint ¶ 7.

4.  Plaintiffs still have no cogent argument against defendants' removal of this action under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2).

---

[2] The law is clear that defendants' ability to remove is to be determined from the record before the Court *at the time their removal petition was filed.* See Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999); Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998).

[3] See, e.g., Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960); Bank Express Int'l v. Kang, 265 F. Supp. 2d 497, 507 (E.D. Pa. 2003) (transfer ordered *sua sponte* to avoid "waste of judicial resources" from litigation of essentially same facts in two district courts).

They apparently now concede that variable annuities and life insurance are "covered securities," which was the argument they made previously -- after it was flat-out rejected by the Courts of Appeal in four Circuits and in the eight published opinions that defendants cited but plaintiffs ignored. See Allmerica's Mem. in Opp. to Remand at 6. Plaintiffs' new theory that a case cannot be removed if it "involves the payment of wages," Pls.'Opp. at 4, similarly ignores the plain meaning of SLUSA (the statute contains no such exception) and again is unsupported by case law.[4]

5.      Plaintiffs cannot defeat diversity jurisdiction by insisting that the amount in controversy for each named plaintiff is less than $75,000, which ignores their own allegations that those commissions were the result of their alleged sale of millions of dollars in securities. See Allmerica's Mem. in Opp. to Remand at 9 (citing Pennsylvania Complaint ¶¶ 37-40). More fundamentally, plaintiffs have not cited any law to exclude from the amount in controversy their *entire* dispute against Allmerica, which in both the original and the amended complaints they told the District of Massachusetts exceeds $75,000 for each plaintiff. See Massachusetts Complaint ¶ 6 ("amount of each Plaintiff's damages exceeds $75,000").

---

[4] In any event, it is the Complaint (and not plaintiffs' unsupported legal argument) that controls. Plaintiffs' alleged entitlement to those "wages" was 100% dependent on their sale of variable products (which they now concede were "securities"), and defendants' alleged misconduct and misrepresentations in connection with commission "payment" for those sales is precisely why removal is required under SLUSA. See Allmerica's Mem. in Opp. to Remand at 5-7 & n.6; compare Pennsylvania Complaint ¶¶ 44, 49, with 15 U.S.C. § 78bb(f)(5)(E) (allegations of "manipulative or deceptive" conduct or the making of "untrue statements" trigger SLUSA removal).

4

## **CONCLUSION**

For the foregoing reasons, Allmerica respectfully requests that the Court strike as untimely plaintiffs' Opposition, and grant Allmerica's Motion to Transfer to the District of Massachusetts.

                              Respectfully submitted,

                              ALLMERICA FINANCIAL CORPORATION and
                              ALLMERICA FINANCIAL LIFE INSURANCE
                              AND ANNUITY CO.

                              By their attorneys,

                              */s/ Robert D. Finkel*
                              Robert D. Finkel
                              Pa. I.D. #71130
                              Nathan H. Schmitt
                              Pa. I.D. #89421
                              Manion McDonough & Lucas, P.C.
                              600 Grant Street, Suite 1414
                              Pittsburgh, PA  15219-2702
                              (412) 232-0200

                              Of Counsel

                              Andrea J. Robinson
                              Jonathan A. Shapiro
                              Eric D. Levin
                              Brett R. Budzinski
                              Wilmer Cutler Pickering Hale and Dorr LLP
                              60 State Street, Boston, MA 02109
                              (617) 526-6000

Dated: August 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 9th day of August, 2004 by first-class mail, postage prepaid, upon the following counsel of record:

William C. Ries, Esq.
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222

Ron R. Parry, Esq.
Parry, Deering, Futscher & Sparks, P.S.C.
128 East Second Street
Covington, KY 41011-2618

*/s/ Robert D. [signature]*