NOTICE... You are he   notified that on _____ in this case
a COMPLAINT has been _____ and you are required to serve the same on or before the
___ day of ___ June ___, 20 04

SHERIFF
) SURCHARGE
) MILEAGE

Coester, deputy

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SEAN D. RIES, JOHN R. MURRAY,
PHILIP C. HENRY, STEPHEN H. WEDEL,
and others similarly situated,

Plaintiffs,

v.

ALLMERICA FINANCIAL CORPORATION,
ALLMERICA FINANCIAL LIFE INSURANCE
AND ANNUITY COMPANY, and
FREDERICK H. EPPINGER, JR.,

Defendants.

CIVIL DIVISION

No. GD -04-9786

**CLASS ACTION COMPLAINT
IN CIVIL ACTION**

Code 010

Filed on behalf of Plaintiffs,
Sean D. Ries, John R. Murray
Philip C. Henry, Stephen H. Wedel, and
others similarly situated

Counsel of Record for these Parties:

William C. Ries, Esquire
PA ID No. 19919
Robert L. McTiernan, Esquire
PA ID No. 26107
Jonathan S. McAnney, Esquire
PA ID No. 50041
TUCKER ARENSBERG, P.C.
Firm #287
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Ron R. Parry, Esquire
Robert R. Sparks, Esquire
Parry, Deering, Futschler & Sparks, P.S.C.
128 East Second Street
Covington, KY 41011-2618
(To be admitted Pro Hac Vice)

**JURY TRIAL DEMANDED**

LIT:313604-4 020948-113328

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SEAN D. RIES, JOHN R. MURRAY,                    CIVIL DIVISION
PHILIP C. HENRY, STEPHEN H. WEDEL,
and others similarly situated,                   No. GD

        Plaintiffs,

   v.

ALLMERICA FINANCIAL CORPORATION,
ALLMERICA FINANCIAL LIFE INSURANCE
AND ANNUITY COMPANY and
FREDERICK H. EPPINGER, JR.,

       Defendants.

## NOTICE TO DEFEND

    YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE**
**The Allegheny County Bar Association**
**920 City-County Building, 414 Grant Street**
**Pittsburgh, Pennsylvania 15219**
**Telephone: (412) 261-0518**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SEAN D. RIES, JOHN R. MURRAY,               CIVIL DIVISION
PHILIP C. HENRY, STEPHEN H. WEDEL,
and others similarly situated,                      No. GD

       Plaintiffs,

   v.

ALLMERICA FINANCIAL CORPORATION,
ALLMERICA FINANCIAL LIFE INSURANCE
AND ANNUITY COMPANY and
FREDERICK H. EPPINGER, JR.,

       Defendants.

## CLASS ACTION COMPLAINT IN CIVIL ACTION

AND NOW come the Plaintiffs, Sean D. Ries, John R. Murray, Philip C. Henry,

Stephen H. Wedel, and others similarly situated, by their undersigned attorneys, Tucker

Arensberg, P.C. and William C. Ries, Esquire, and Robert L. McTiernan, Esquire bring the

following Class Action Complaint in Civil Action.

## I.      INTRODUCTION AND FACTUAL BACKGROUND

1.      Plaintiff Sean D. Ries, is an individual residing at 2942 Wildwood Road

Ext., Allison Park, Pennsylvania 15101.

2.      Plaintiff John R. Murray, is an individual residing at 9611 Hilliard Road,

Pittsburgh, Pennsylvania 15237.

3.    Plaintiff Philip C. Henry, is an individual residing at 8020 Wood Creek Drive, Bridgeville, Pennsylvania 15017.

4.    Plaintiff Stephen H. Wedel, is an individual with a business address of Wedel & Associates Financial Services, Three CityPlace Drive, Suite 590, Creve Coeur, Missouri 63141.

5.    The Defendants Allmerica Financial Corporation and Allmerica Financial Life Insurance and Annuity Company (hereinafter collectively referred to as "Allmerica") are Delaware Corporations with offices located at 440 Lincoln Street, Worcester, MA 01653.

6.    The Defendant, Frederick H. Eppinger, Jr. is an individual and at all times material and relevant hereto, was the President and Chief Executive Officer of the Defendant Allmerica Financial Corporation. His work address is 440 Lincoln Street, Worcester, MA 01653.

7.    Allmerica has also maintained regional offices throughout the United States of America, including an office formerly located at 600 Grant Street, Pittsburgh, Pennsylvania 15219 (office closed December 15, 2003).

8.    Plaintiffs were employed as financial advisors for Allmerica.

9.    Plaintiff Sean D. Ries was hired on December 14, 1994 and was employed by Allmerica as a financial advisor through March 3, 2003.

10.    Plaintiff John R. Murray was hired on February 16, 1994 and was employed by Allmerica as a financial advisor through March 3, 2003.

11.    Plaintiff Phillip C. Henry was hired on January 1, 1983 and was employed by Allmerica as a financial advisor through November 21, 2003.

12.    Plaintiff Stephen H. Wedel was hired on March 1, 1984 and was employed by Allmerica as a financial advisor through November 21, 2003.

13.    As financial advisors of Allmerica, Plaintiffs were responsible for providing financial planning services for Plaintiffs' clients. As financial advisors, the Plaintiffs also marketed and sold a variety of Allmerica annuity, insurance, and investment products to clients.

## II.    CLASS ACTION ALLEGATIONS

14.    Plaintiffs seek certification of a Class pursuant to Rule 1701, *et seq.*, of the Pennsylvania Rules of Civil Procedure, defined as follows:

> All agents and employees of Defendants who sold non-proprietary products through Defendants between October 1, 2002 and November 15, 2002 and who either did not receive a 100% pay-out of commissions on all such product sales, or who were required to return said commissions, or who have had such commissions "charged-back" from trail commissions earned.

15.    The Class consists of hundreds of individuals damaged by Defendants' conduct as alleged herein and the exact number of Class members is within the exclusive knowledge of Defendants. Accordingly, the Class is so numerous that joinder of all Class members is impractical.

16.    There are numerous questions of law and fact common to the Class, such as:

A.     Whether Defendants breached the contracts between it and Class Members;

B.     Whether the Class is entitled to damages for Defendants' breach of its duties under the terms of the contracts between it and Class Members;

C.     Whether Defendants violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, *et seq.*, or similar laws of other jurisdictions;

D.     Whether the Class is entitled to damages for Defendants' 'violation of the Pennsylvania Wage Payment and Collection Law, or similar laws of other jurisdictions.

17.     Plaintiffs' claims are typical of the claims of the Class. Plaintiffs, like Class members, have suffered damages as a result of Defendants' conduct as alleged herein.

18.     Plaintiffs will fairly and adequately represent the interests of Class members. Plaintiffs have no interests antagonistic to those of other Class members, and Plaintiffs have retained attorneys experienced as counsel in class action and complex litigation.

19.     Defendants have acted on grounds generally applicable to the Class in that Defendants have systematically and uniformly breached the terms of the contracts formed with Plaintiffs and Class members.

20.     The questions of law and fact common to members of the Class predominate over any individual questions.

21.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

A.     Absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

4

B.    This action will promote an orderly and expeditious administration and adjudication of the Class members' claims, economies of time, effort and resources will be fostered and uniformity of decisions will be ensured;

C.    Without a Class action, the Class members will continue to suffer damages, and Defendants' violations of law will proceed without remedy while Defendants continue to retain the proceeds of their ill-gotten gains;

D.    When the liability of Defendants has been adjudicated, claims of all members of the Class can be determined by this Court; and,

E.    This action presents no difficulty that would impede its management by the court as a class action and is the best available means by which Plaintiffs and other members of the Class can seek redress for the harm caused to them by Defendants.

22.    The litigation of this controversy should proceed in this forum because Plaintiffs, except for Steven H. Wedel, reside in this forum and Defendants conduct substantial business in this forum.

23.    There are no difficulties that are likely to be encountered in the management of this lawsuit should it proceed as a class action.

24.    Plaintiffs are unaware of any litigation already commenced by or against members of the Class involving any of the issues alleged in this action.

25.    For the reasons set forth above, a class action will provide the fairest and most efficient method for adjudication of the claims set forth herein by the class representatives.

WHEREFORE, Plaintiffs respectfully request that this action be certified as a class action.

## III.    COMPENSATION STRUCTURE

26.    As employees of Allmerica, the Plaintiffs were compensated based upon a system comprised of commissions and/or investment advisory fees (hereinafter referred to as "commissions").

27.    The Plaintiffs were paid commissions as a result of client's purchasing annuities and life insurance policies, mutual funds and stock sales, and other services.  The commissions were computed based upon a percentage of the total dollar value of products purchased by the client.

28.    Depending upon the needs of the client, the Plaintiffs might recommend that the client purchase Allmerica products, also known as "proprietary", that consisted of annuities and life insurance products that were **administered by Allmerica**.

29.    Similarly, depending upon the needs of the client, the Plaintiffs might recommend that the client purchase "non-proprietary products", which were annuities and life insurance products that were primarily administered by companies **other than Allmerica**.  For non-proprietary products purchased by Allmerica clients, the company with whom the business was placed would typically pay a commission to Allmerica.  The financial advisor whose client purchased the non-proprietary product would receive approximately 65% of the total commission with Allmerica receiving the balance of 35%.

## IV.    NEW COMPENSATION ARRANGEMENT
## IMPLEMENTED BY ALLMERICA

30.    In or about September 2002, the Defendant announced the
implementation of a new commission arrangement for its financial advisors that would become
effective on October 1, 2002.  For financial advisors in the Pittsburgh region, the announcement
of this new commission arrangement was made by Donald A. McDade, managing director of the
Pittsburgh office of Allmerica, at a meeting at the Edgewood Country Club in Pittsburgh at
4:00 p.m. on September 30, 2002.  (Exhibit "A").


31.    Beginning on October 1, 2002, all financial advisors, including the
Plaintiffs, would begin to receive a one hundred percent (100%) pay-out of commissions on all
non-proprietary variable annuities and variable life product sales.  This change represented a
significant increase from the previous commission arrangement which paid the financial
advisors approximately 65% of the total commission paid by the company from whom the non-
proprietary  product was purchased.


32.    This new commission arrangement was promulgated and announced
through various means, including but not limited to e-mails sent to every financial advisor in the
United States, conference calls between the president of Allmerica, Mark Hug, and groups of
agents in various regions and throughout the United States, and through individual meetings
organized between managing directors and advisors in each region throughout the United
States.

### V.   PLAINTIFFS BEGAN TO PLACE BUSINESS BASED UPON NEW 100% COMMISSION ARRANGEMENT

33.    In the fall of 2002, and for some period of time preceding that date, the Defendants' solvency was declining due to, among other things, questionable investment practices.

34.    As a result of the decline in the financial solvency of the Defendants, nationally known and prominent insurance rating services such as A.M. Best and Moody's and Fitch began lowering their ratings of the Defendants.

35.    The lowered ratings received by the Defendants were known to the financial advisors and many clients of Allmerica.

36.    Due to the lowered ratings of the Defendant Allmerica which caused many client concerns, the Plaintiffs, in many cases, liquidated Allmerica contracts and transferred accounts to non-proprietary products.

37.    From the period of October 1, 2002 through November 15, 2002, the Plaintiff Sean D. Ries transferred accounts to non-proprietary products in the total amount of approximately $500,000, earning commissions in the amount of $25,000.

38.    From the period of October 1, 2002 through November 15, 2002, the Plaintiff John R. Murray transferred accounts to non-proprietary products in the total amount of approximately $500,000, earning commissions in the amount of $25,000.

8

39.    From the period of October 1, 2002 through November 15, 2002, the
Plaintiff Philip C. Henry replaced and transferred business in the amount of $2,700,000, earning
commissions in the amount of $135,564.

40.    From the period of October 1, 2002 through November 15, 2002, the
Plaintiff Stephen H. Wedel replaced and transferred business in the amount of $9,196,465.64,
earning commissions in the amount of $486,229.61.

41.    In accordance with the 100% payout commission arrangement
announced on September 30, 2002, commissions were calculated and paid to Plaintiffs Sean D.
Ries, John R. Murray, Philip C. Henry, and Stephen H. Wedel.

42.    In accordance with established Allmerica policies and procedures, all
applications and commissions were approved by Don McDade and Scott Roach, Pittsburgh
Compliance Officer, and Allmerica home office Suitability Compliance Department prior to
payment.

VI.    **UNILATERAL CHANGE BY ALLMERICA IN COMMISSION ARRANGEMENT**

43.    On November 15, 2002, Allmerica terminated the 100% payout
commission arrangement on replacement business only, retroactive to November 1, 2002.
Allmerica attempted to institute a new commission arrangement, which included a schedule of
commissions based on the type of business sold.

44.    Although the commissions earned under the 100% payout arrangement
implemented on October 1, 2002 were approved through Allmerica's procedures, and paid to

9

the financial advisors in November and December 2002, the financial advisors, including the Plaintiffs, were informed that Allmerica had determined it would rescind the 100% commission arrangement.

## VII.    ALLMERICA SEEKS TO RECOUP COMMISSIONS PAID PURSUANT TO 100% COMMISSION ARRANGEMENT

45.    Not only did it rescind the 100% commission arrangement on replacement business that had been implemented less than two months earlier, in May 2003, the Defendant Allmerica sought to recoup the commissions paid to the Plaintiffs under the 100% commission program.

46.    In May 2003, in an attempt to recoup the commissions that it had paid to the Plaintiffs pursuant to the 100% commission arrangement, Allmerica began to deduct the commissions paid thereunder from commissions earned through the current sale of other company products. Since the Plaintiffs John R. Murray and Sean D. Ries no longer worked at Allmerica as of May 2003, and were not selling any Allmerica products as of that date, Allmerica announced that it would recoup the commissions it had paid from income to be earned by the Plaintiffs on the sale of products previously sold, also known as "trail income".

47.    Subsequently, Allmerica again changed its position with respect to the 100% payout plan, and authorized commissions for business placed in October based on the November 15, 2002 schedule.

48.    Nevertheless, Allmerica continued to deduct from trail commissions due Plaintiffs a substantial portion of the commissions earned and paid under the October 2002 100% payout commission arrangement.

49.     In addition to the improper deduction of commissions from the Plaintiffs, Allmerica attempted to coerce Plaintiffs into refunding the commissions they earned and were paid for October 2002 by threatening collection efforts against them.

50.     On July 25, 2003, Plaintiff Ries received a letter from Phyllis J. Aiello of Allmerica informing him that he was indebted to the company in the amount of $10,428.33 and indicating that the company "fully intends to collect all amounts due and owing." The letter also demands "payment in full within thirty days" and threatens to refer the matter to a collection agency (Exhibit "B").

51.     Plaintiff Murray received a letter dated July 25, 2003 (Exhibit "C") similarly demanding payment of the $8,996.23 within the same time period and, similarly threatening to use a collection agency against him.

52.     After his separation from Allmerica in November 2003, the Plaintiff Henry received notification demanding payment of the sum of $20,334.70.

53.     After his separation from Allmerica in November 2003, the Plaintiff Stephen H. Wedel received notification demanding payment of the sum of $108,446.80.

54.     Defendant Allmerica continues to deduct the commissions earned by the Plaintiffs pursuant to the 100% commission arrangement from legally earned trail commissions from Plaintiffs in order to recoup the commissions paid in October 2002.

11

## COUNT I

### BREACH OF CONTRACT FOR SEEKING TO RECOUP
### COMMISSIONS PAID TO PLAINTIFFS

### SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, STEPHEN H. WEDEL, and others
### similarly situated v. ALLMERICA

55.    Beginning on or about September 30, 2002, Allmerica, through conference calls, meetings and subsequent e-mails, made an unambiguous and unequivocal offer of the 100% commission payout arrangement in consideration for the efforts of its financial advisors to maintain their affiliation with Allmerica.

56.    Plaintiffs accepted the offer by placing and selling a substantial amount of non-proprietary products during the period in which the commission arrangement was in place, October 1, 2002 through November 15, 2002.

57.    Commissions were earned and paid in accordance with this arrangement.

58.    The actions of the Defendant Allmerica that began in May 2003 when it attempted to recoup the commissions paid to the Plaintiffs pursuant to the 100% commission arrangement constitute a breach of contract with respect to the 100% commission arrangement.

WHEREFORE, Plaintiffs demand judgment in the full amount of the commissions earned, plus interest, costs and attorneys' fees.

12

## COUNT II

## WAGE PAYMENT AND COLLECTION LAW

## SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, STEPHEN H. WEDEL, and others similarly situated v. ALLMERICA and FREDERICK H. EPPINGER, JR.

59.    The Wage Payment and Collection Law, 43 P.S. §260.1 et seq., provides that employers "shall pay all wages . . . due to [his] employees."

60.    Definition of wages includes "all earnings of an employee, regardless of whether determined on...commission or other method of calculation."

61.    The Defendant Eppinger, Jr. is an employer as defined under the Wage Payment and Collection Law, 43 P.S. §260.1 et seq.

62.    By breaching its contracts with Plaintiffs for commissions as outlined above, Defendants are in breach of the Pennsylvania Wage Payment and Collection Law. The conduct of Defendants in unilaterally recovering and recouping the wages which had previously been earned and paid to the Plaintiffs constitutes a violation of the Wage Payment and Collection Law and similar laws of other jurisdictions.

63.    Said law provides not only for payment of the full amount of wages and commissions earned, but also liquated damages and attorneys fees.

WHEREAS, Plaintiffs demand payment of the full amount of commissions earned in October and November 2002, plus interest, liquidated damages and attorneys fees against both Defendants.

## COUNT III

## REQUEST FOR PRELIMINARY INJUNCTION

## SEAN D. RIES, JOHN R. MURRAY and PHILIP C. HENRY, and others similarly situated v. ALLMERICA

64.    As a direct result of the willful misconduct of Allmerica as described above, the Plaintiffs Ries, Murray, and Henry have suffered, and will suffer, immediate and irreparable harm by reason of Allmerica's conduct in recouping the previously paid commissions from trail commissions paid into the future.

65.    The Plaintiffs have no adequate remedy at law, and unless enjoined, the Defendant Allmerica's wrongful misconduct will cause Plaintiffs to suffer additional injury.

66.    By the present Motion, Plaintiffs seek a preliminary injunction barring the Defendant Allmerica from recouping or charging back the previously paid commissions from future trail commission earnings.

67.    The granting of the requested preliminary injunction will further the public policy of not permitting the Defendant Allmerica to benefit from their improper and unlawful conduct.

68.    Issuance of an injunction in this matter will preserve the status quo.

14

WHEREFORE, the Plaintiffs respectfully requests that the Court enter the proposed preliminary injunction which accompanies this Complaint.

Submitted by,

_____
William C. Ries, Esquire
Robert L. McTiernan, Esquire
Jonathan S. McAnney, Esquire
Ron R. Parry, Esquire
Robert B. Sparks, Esquire

Attorneys for Plaintiffs
Sean D. Ries, John R. Murray, Philip C. Henry,
Stephen H. Wedel, and others similarly situated

**Sean Ries**

| | |
|---|---|
| From: | DONALD A. MCDADE [damcdade@AFS.ALLMERICA.COM] |
| Sent: | Monday, September 30, 2002 9:12 AM |
| To: | ARMAND C. SPERDUTO; BRUCE A. HORVITZ; BETH N. KEARNS; BRUCE R. HALDEMAN; CHRISTOPHER A. HART; CHARLENE A. KITZINGER; CURTIS E. MUSTA; CHRISTINE E. PIKUTIS; CONSTANCE I. BYERS; CHAD J. KRIKORIAN; CHARLES J. RYAN; CAROL JEAN SMITH; CHRISTINE M. BROOKINS; CHRISTOPHER S. MUSUNEGGI; DARLENE A. LIMPERT; DONALD A. MCDADE; DAWN A. MCLAUGHLIN; DAVID A. SPEAKMAN; DEE ANNE WEISS; DAVID J. ESTATICO; DONNA REILLY; DANA L. DILEGGE; DAVID L. GAWNE; DONALD P. SPEAKMAN; DANIEL P. STEPHANS; DETELLA R. RAY; DEBBIE S. DRIGGERS; EDWARD J. BLACKA; ERIN L. COYNE; ERICA L. ZAMULEVIC; E. THEODORE BETUSH; FRANK A. AUSK; GREGORY A. PHILLIPS; GARY E QUIGLEY; GARY N. KRIKORIAN; HEIDIANN PAULUS; HARRY M. CORBETT; JENNIFER A. DAVCO; JACQUELYN A. FRAZIER; JOYCE A. PRATLEY; JOHN C. VAUGHAN; JOHN J. DUGOS; JOHN J. LOGAN; JUDY K. LANE; JENNIFER M ANTHONY; JUDY M. ELIAS; JARED M. SKEMP; JOHN R. MURRAY; JOHN W. TRINKALA; KATHERINE K. LANIOUS; KURTIS R. KUYAT; LINDA L. AUSK; LAURA L. BRINKLEY; LUCILLE L. FLORENCE; MARC A. BROWN; MARY A. HAWK; MARGARET RINELLA; MEGAN M. ECKERT; MARY E. WHITNEY; MARY GRACE MUSUNEGGI; MARK E. MURTHA; MARK T. DALENA; N. JOHN MARINACK; NOAH R. FARBEROW; PAUL A. ANSTIS; PAM A. DECECCO; PATIENCE B. ZUPAN; PHILIP C. HENRY; PAMELA DICKEY; PAIGE L. JOHNSON; PATRICIA HISS; PAUL W. SPEAKMAN; ROBERT C. MINSTER; ROSALIND FRAZIER-FRANCIS; ROBERT H. BROWN; RONNA L. DELVALLE; REGINA M. SERIANNI; RONALD ROMEO; ROBERT MERCHANT; STEPHANIE A. CASPER; SCOTT B. ROACH; SHERRI C. GASS; SEAN D. RIES; STEVEN J. DZVONICK; STEPHEN J. MURPHY; SHEILA L. MANGENO; STACEY L. MUCHNOK; SHIRLEY M. LOGAN; TRISH A. WILSON; THOMAS J. STROYNE; THOMAS M. CONWAY; TIMOTHY S. HURNEY; VERNA I. FEC; VONETTA MIHM; VIRDYN R. CALDWELL; WILLIAM D. GULLBORG; WILLIAM E. BATES; WILLIAM H. GULLBORG; WILLIAM J. MIHM; WILLIAM T. SPENCE; YVONNE M. MALONE |
| Subject: | Reminder - Firm Meeting Today |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Just a reminder of the Firm Meeting today at Edgewood Country Club, including a conference call with Mark Hug at 4:00 PM.  The meeting should last between 1 and 1 1/2 hours.  I will also relay some topics discussed at the President's Conference in Baltimore, MD.


Donald A. McDade CFP, CFS, ChFC, CLU, MSM
Managing Director, Pittsburgh Firm
Pittsburgh Voice (412) 281-4220 ext. 301
Pittsburgh Fax (412) 434-1385
Monroeville Voice (412) 829-4452
Monroeville Fax (412) 825-8408


**EXHIBIT**

*A*



**ALLMERICA**
FINANCIAL®

July 25, 2003

SEAN D RIES
96012 FAWN LANE
ALLISON PARK   PA  15101

RE:  Commission Chargebacks

Dear Mr. Ries:

Our records currently reflect that you are indebted to the company in the amount of $ 10,428.33. The company fully intends to collect all amounts due and owing.

Please remit the sum of $ 10,428.33 within the next 30 days by check or money order made payable to First Allmerica Financial Life Insurance Company.  You may direct all payments or questions to my attention.  If we do not receive payment in full within 30 days of the date on this letter, the company will refer your account to a collection agency.

Sincerely,

Phyllis J. Aiello
Director
Business Unit Management

**EXHIBIT**

_B_

tabbies®

440 Lincoln Street, Worcester, MA  01653, Phone 508-855-1000, Fax 508-853-6332
www.allmerica.com

THE ALLMERICA FINANCIAL COMPANIES

First Allmerica Financial Life Insurance Company • Allmerica Financial Life Insurance and Annuity Company (all states except NY)
Allmerica Trust Company, N.A. • VeraVest Investments, Inc. • VeraVest Investment Advisors, Inc. • Financial Profiles, Inc.
The Hanover Insurance Company • AMGRO, Inc. • Allmerica Financial Alliance Insurance Company • Allmerica Asset Management, Inc.
Allmerica Financial Benefit Insurance Company • Citizens Insurance Company of America • Citizens Management Inc.



**ALLMERICA**
FINANCIAL®

July 25, 2003


JOHN R MURRAY
9611 HILLIARD ROAD
PITTSBURGH  PA  15237


RE:  Commission Chargebacks


Dear Mr. Murray:

Our records currently reflect that you are indebted to the company in the amount of $ 8,996.23. The company fully intends to collect all amounts due and owing.

Please remit the sum of $ 8,996.23 within the next 30 days by check or money order made payable to First Allmerica Financial Life Insurance Company.  You may direct all payments or questions to my attention.  If we do not receive payment in full within 30 days of the date on this letter, the company will refer your account to a collection agency.

Sincerely,

Phyllis J. Aiello
Director
Business Unit Management



EXHIBIT
C

440 Lincoln Street, Worcester, MA  01653, Phone 508-855-1000, Fax 508-853-6332
www.allmerica.com

THE ALLMERICA FINANCIAL COMPANIES
First Allmerica Financial Life Insurance Company • Allmerica Financial Life Insurance and Annuity Company (all states except NY)
Allmerica Trust Company, N.A. • VeraVest Investments, Inc. • VeraVest Investment Advisors, Inc. • Financial Profiles, Inc.
The Hanover Insurance Company • AMGRO, Inc. • Allmerica Financial Alliance Insurance Company • Allmerica Asset Management, Inc.
Allmerica Financial Benefit Insurance Company • Citizens Insurance Company of America • Citizens Management Inc.

## VERIFICATION

I, Stephen Wedel, state that I have reviewed the foregoing Class

Action Complaint in Civil Action. The statements contained therein are true and

correct to the best of my knowledge and belief.

This statement and verification is made subject to the penalties of 18

Pa. C.S. §4904 relating to unsworn falsification to authorities.

5-5-04
Date

Stephen Wedel

LIT:322517-1 020948-113328

## VERIFICATION

I, Sean D. Ries, state that I have reviewed the foregoing Class Action Complaint in Civil Action. The statements contained therein are true and correct to the best of my knowledge and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

4-22-04
Date

Sean D. Ries

## VERIFICATION

I, Sean D. Ries, state that I have reviewed the foregoing Class Action Complaint in Civil Action. The statements contained therein are true and correct to the best of my knowledge and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

4·22·04
Date

Sean D. Ries

## VERIFICATION

I, John R. Murray, state that I have reviewed the foregoing Class Action Complaint in Civil Action. The statements contained therein are true and correct to the best of my knowledge and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

4·22·04
_____
Date

_____
John R. Murray

## **VERIFICATION**

I, Philip C. Henry, state that I have reviewed the foregoing Class Action Complaint in Civil Action. The statements contained therein are true and correct to the best of my knowledge and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_4-27-04_
Date

_Phil C. Henry_
Philip C. Henry

LIT:313604-4 020948-117695