UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR.,<br><br>    Defendants. | Civil Action No. 4:04-cv-40179(FDS) |

**DEFENDANTS' MOTION FOR SCHEDULING ORDER
TO EXTEND DEADLINE TO RESPOND TO THE COMPLAINT**

Defendants Allmerica Financial Corporation, Allmerica Financial Life Insurance & Annuity Company (collectively "Allmerica"), and Frederick Eppinger, Jr. respectfully request that the Court enter a Scheduling Order extending defendants' time to respond to plaintiffs' complaint from October 6, 2004 until thirty days after the Court rules on plaintiffs' pending motion to remand this case to state court.  Plaintiffs' motion to remand is fully briefed and pending before the Court.  Plaintiffs have declined to assent to the requested extension, even though:  (1) the motion to remand involves a threshold jurisdictional issue; (2) its disposition will have practical and important implications for the scope and substance of any motion to dismiss; and (3) resolving the motion to remand before the motion to dismiss will ensure that the resources and expertise of the appropriate court are directed to a potentially dispositive motion.

## ARGUMENT

1.  On May 12, 2004, plaintiffs Sean D. Ries, John R. Murray, Philip C. Henry, and Stephen H. Wedel filed this putative class action against Allmerica and its President and Chief Executive Officer in the Court of Common Pleas of Allegheny County, Pennsylvania. Plaintiffs purport to represent a national class of former Allmerica agents who sold variable annuities and life insurance from October 1, 2002 to November 15, 2002. Plaintiffs allege that Allmerica breached its obligations to pay certain commissions in connection with the plaintiffs' sales of variable life insurance and annuities. See Complaint ¶¶ 26-40.

2.  On June 15, 2002, defendants removed the case to the United States District Court for the Western District of Pennsylvania on two independent grounds. First, there is diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds the sum or value of $75,000. Second, there is subject matter jurisdiction under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2) because plaintiffs' class action claims are based on the sale of variable annuities and life insurance, which constitute "covered securities" under SLUSA.

3.  On June 28, 2004, defendants filed a motion to transfer the case to this Court pursuant to 28 U.S.C. § 1404(a) on the ground that: (1) the litigants and the facts underlying their dispute are closely tied to Massachusetts; (2) many of the relevant documents and witnesses are located in Massachusetts; and (3) transfer would allow consolidation of this case with a closely-related class action currently pending before this Court entitled Speakman v. Allmerica Fin. Life Ins. & Annuity Co., Civil Action No. 4:04-cv-40077(FDS), which would conserve judicial and litigant resources through coordinated pretrial discovery and eliminate potentially duplicative motion practice.

4.        Rather than directly responding to the motion to transfer, plaintiffs filed a motion to remand this case to state court on July 13, 2004.  Defendants have opposed that motion, which is fully briefed and pending before this Court.

5.        On August 16, 2004, the Western District of Pennsylvania granted defendants' motion to transfer ("Transfer Order").  Thereafter, the file was sent to and the case was opened by this Court.  See Docket No. 16 ("Case transferred in from District of Pennsylvania; Case No. 04-898.  Original file with documents numbered 1-15, certified copy of transfer order and docket sheet received.")  Plaintiffs subsequently moved for reconsideration of the Transfer Order, which the Western District of Pennsylvania denied on September 15, 2004.

6.        Under the deadline established before this case was transferred to this Court and *prior to the filing of plaintiffs' motion to remand,* defendants' motion to dismiss the complaint is due on October 6, 2004.  For several reasons, however, it is impractical for the parties to brief a motion to dismiss prior to the resolution of plaintiffs' pending motion to remand.  First, the motion to remand concerns a threshold jurisdictional issue.  See Valentine v. Ford Motor Co., No. 2:03-CV-090-JGT-WGH, 2003 WL 23220758, at *1 (S.D. Ind. Nov. 21, 2003) ("Because this court cannot properly decide whether the Plaintiff's Complaint withstands a Rule 12(b)(6) motion if the court does not have jurisdiction over the suit, the court first decides Plaintiff's Motion to Remand"); Davila v. American Home Prods. Corp., No. EP-03-CA-279 (KC), 2004 WL 557176, at *1 (W.D. Tex. Feb. 3, 2004) ("a motion to remand should be resolved first, then, if removal is proper, rule on any motion to dismiss"); Billups v. Allstate Life Ins. Co., 278 F. Supp. 2d 794, 797 (S.D. Miss. 2003) (granting motion to remand and denying motion to dismiss as moot because it lacked jurisdiction to decide it).  Second, disposition of the motion to remand will have practical and important implications for the scope and substance of any motion to

dismiss. Third, the judge presiding in the court determined to have jurisdiction over this case should have the opportunity to establish a motion to dismiss briefing schedule and is best situated to decide a motion to dismiss that could narrow or dispose of the case. Fourth, it would be most appropriate to expend on the motion to dismiss resources of the court with jurisdiction over this case. Accordingly, the motion to remand should be decided *before* defendants file a motion to dismiss the complaint and defendants' requested extension should be granted.

7. Plaintiffs will suffer no prejudice if the Court extends the deadline for defendants to respond to the complaint, yet plaintiffs declined to agree to the extension of time defendants requested, offering instead to assent to the extension *only if defendants would forego their right to file a motion to dismiss* and instead agree to answer the complaint.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court enter a Scheduling Order extending defendants' time to respond to plaintiffs' complaint from October 6, 2004 until thirty days after the Court rules on plaintiffs' pending motion to remand the case to state court.

Respectfully submitted,

ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO., and FREDERICK H. EPPINGER, JR.

By their attorneys,

/s/ Eric D. Levin
Andrea J. Robinson (BBO# 556337)
Jonathan A. Shapiro (BBO# 567838)
Eric D. Levin (BBO# 639717)
Brett R. Budzinski (BBO# 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street, Boston, MA 02109
(617) 526-6000

Dated: September 27, 2004

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Counsel for the defendants certifies that he has attempted in good faith to resolve or narrow the issues raised in this Motion, but has been unable to do so.

/s/ Eric D. Levin
Eric D. Levin

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on this 27th day of September, 2004 by overnight mail upon the following counsel of record:

William C. Ries, Esq.
Tucker Arensburg, P.C.
1550 One PPG Place
Pittsburgh, PA  15222

Jonathan McAnney, Esq.
Parry, Deering, Futschler & Sparks, P.S.C.
128 East Second Street
Covington, KY  41011-2618


                                         /s/ Eric D. Levin
                                         Eric D. Levin