UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR.,<br><br>Defendants. | Civil Action No.<br>04-40179-FDS |

**ORDER**

**SAYLOR, J.**

On May 12, 2004, plaintiffs filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. Essentially, the complaint alleged that defendant failed to pay them commissions, and improperly recouped their commissions, in violation of an arrangement whereby financial advisors would earn a 100% pay-out on commissions for the sale of annuities and variable life products. Defendants removed the complaint to the United States District Court for the Western District of Pennsylvania, which then transferred the case to this Court for the sake of convenience and efficiency and to allow its consolidation with a closely-related class action.

Pending before the Court is plaintiffs' motion to remand the matter to state court pursuant

1

to 28 U.S.C. § 1447. In support of this motion, plaintiffs argue that removal to federal court was improper because the suit does not involve a federal question and the amount in controversy for each plaintiff does not exceed $75,000, as required by 28 U.S.C. § 1332, to qualify for diversity of citizenship jurisdiction.

**1.    Diversity Jurisdiction**

There is no dispute that complete diversity of citizenship is present. Instead, federal jurisdiction under 28 U.S.C. § 1332 hinges upon whether the amount in controversy as to each plaintiff exceeds $75,000. Plaintiffs' motion to remand contends that the complaint alleges less than $20,000 in damages per plaintiff. This is at variance with the original complaint filed by plaintiffs in Pennsylvania state court, which alleged damages for two of the four named plaintiffs in amounts exceeding $75,000. *See Complaint*, §§ 36-39.

Plaintiffs must be held to their original averments concerning amounts in controversy, lest federal courts "permit the statutory right of removal to be impermissibly subject to 'plaintiff's caprice.'" *Davis v. Travelers Insurance Company*, 574 F.Supp. 188, 189 (W.D. Pa. 1983) (citing *St. Paul Mercury Indemnity Company v. Red Cab Co.*, 303 U.S. 283, (1938)). Nonetheless, two of the named plaintiffs in the state court complaint alleged less than $75,000 in damages. *See Complaint*, §§ 36-39. Because individual claims cannot be aggregated to meet the $75,000 threshold,[1] the Court does not have diversity jurisdiction over this action.

**2.    Federal Question Jurisdiction**

---

[1] *See McCulloch v. Velez*, 362 F.3d 1, 5 (1st Cir. 2004) (citing *Zahn v. International Paper Co.*, 414 U.S. 291, 294 (1973) in affirming that "[w]hen several plaintiffs with separate and distinct demands join together in a single suit premised on diversity jurisdiction, each plaintiff must independently satisfy the amount-in-controversy requirement.")

The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") provides that "[a]ny covered class action brought in any State court involving a covered security . . . shall be removable" to federal court. 15 U.S.C. §§ 77p(c), 78bb(f)(2). Federal question jurisdiction in this case therefore depends on whether the annuities and variable life insurance products at issue are "covered securities" under the SLUSA.

Plaintiffs contend that the transactions involved in this case did not involve a "covered security." Rather, they argue, their action deals with the payment of commissions and the attempts by Allmerica to deny plaintiffs the commissions they earned. They also claim that annuities and variable life insurance products are not listed or authorized for listing on the stock exchange, and therefore, are not a "covered security" under the SLUSA.

Every Circuit to address the issue has rejected plaintiffs' contention, ruling instead that variable life products and annuities are covered securities under the SLUSA, and that federal court is the exclusive venue for state claims arising out of transactions involving life products and annuities. *See, e.g., Lander v. Hartford Life Insurance Company*, 251 F.3d 101, 109 (2d Cir. 2001) (relying on *SEC v. Variable Annuity Life Insurance Co.*, 359 U.S. 65 (1959) in holding that "variable annuity contracts are securities" and that "variable annuity litigation falls into the class of suits targeted by Congress in SLUSA" for removal to federal court); *Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, (8th Cir. 2002) (finding that "variable annuities are 'covered securities' for purposes of the removal and preemption provisions of 15 U.S.C. §§ 77p and 78bb(f)"); *Herndon v. Equitable Variable Life Insurance Company*, 325 F.3d 1252, 1253 (11th Cir. 2003) (holding that "a variable life insurance policy is a 'covered security' under SLUSA" because "the addition of the life insurance component to the investment does not negate the fact

3

that the statutory requirements of SLUSA have been met with regard to the annuity component of the insurance policy" ).

Plaintiffs' suit thus arises out of the sale of annuities and variable life insurance products, both of which are "covered securities" for purposes of the SLUSA.  Accordingly, this Court has federal question jurisdiction over plaintiffs' claim.

Plaintiffs' motion to remand the case to state court is DENIED.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: October 6, 2004