IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 04-CV-40179 |
| ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S RENEWED MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

NOW COME, Plaintiffs, Sean D. Ries, John R. Murray, Philip C. Henry, and others similarly situated, by and through their undersigned counsel, and files this Response to Defendants' Motion to Dismiss and Renewed Motion to Remand Based For Lack of Subject Matter Jurisdiction.

I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Complaint in this action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania on May 12, 2004.  The Complaint asserts a breach of contract count and a cause of action under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, et seq. against the corporate Defendants.

The Plaintiffs are three (3) former financial advisors employed by Allmerica Financial Corporation.  During the period from October 1, 2002 through November 15, 2002, the Plaintiffs earned commissions from the Defendants and were paid those commissions pursuant to a new commission program that had been implemented by Allmerica.  The commission arrangement provided that the financial advisors would earn a 100% pay-out on commissions on the sale of all non-proprietary annuities and variable life products (including replacement products).  This change represented a significant increase from the previous commission arrangement which paid the financial advisors approximately 65% of the total commission paid by the company from whom the non-proprietary product was purchased.   In response to the implementation of this program, the Plaintiffs replaced and transferred business during the applicable time period and earned commissions from Allmerica.

In May 2003, Allmerica began a course of conduct whereby they unilaterally began to recoup or "collect back" the commissions that had been paid to the Plaintiffs.    The Defendants are seeking to collect the sum of $10,428.33 from the

Plaintiff Sean D. Ries (See Paragraph 50 of Complaint), and have already re-couped some of that money from trail commissions that are being paid to Sean D. Ries.  The Defendants are seeking to collect the sum of $8,996.23 from the Plaintiff John R. Murray (See Paragraph 51 of Complaint), and have already re-couped some of that money from trail commissions that are being paid to John R. Murray.  The Defendants are seeking to collect the sum of $20,334.70 from the Plaintiff Philip C. Henry (See Paragraph 52 of Complaint), and have already re-couped some of that money from trail commissions that are being paid to Philip C. Henry.

On June 15, 2004, the Defendants filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania.  Thereafter, on June 28, 2004, the Defendants filed their Motion to Transfer to the United States District Court for the District of Massachusetts.  On July 13, 2004, Plaintiffs filed a Motion in the District Court for the Western District of Pennsylvania seeking a remand of this lawsuit back to state court in the Court of Common Pleas of Allegheny County.

On August 16, 2004, the District Court for the Western District of Pennsylvania granted the Defendants' Motion to Transfer to District of Massachusetts, thereby requiring the Defendants to file a responsive pleading on or before September 7, 2004.  On August 26, 2004, the Plaintiffs filed a Motion for Reconsideration of Order on Defendants' Motion to Transfer to the District of Massachusetts.  Said Motion was denied by Court Order dated September 15, 2004.  Plaintiffs' Motion to Remand to state

court was denied by Court Order dated October 6, 2004, which is attached hereto as Exhibit "A."

For the reasons set forth herein, it is respectfully requested that this Honorable Court deny the Defendants' Motion to Dismiss and reconsider its Order dated October 6, 2004, ruling that this Court has subject matter jurisdiction over the Plaintiffs' claims in this case.

## II.     ARGUMENT

### A.     STANDARD OF REVIEW

Upon considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the district court should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts. Hospital Building. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 746, (1976), Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990).

### B.     SUBJECT MATTER JURISDICTION IS ALWAYS AT ISSUE

The United States Code, relating to the procedure after removal of a case from state court to federal court, states that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See Jones v. General Tire & Rubber Co., 541 F.2d 660, 663-664 (7th Cir. 1976) (Motion for remand was denied by district court, but

appeals court noted that "[n]otwithstanding the lack of vigorous and positive assertion of a right for remand, the duty nevertheless rested upon the district court under the circumstances here to notice and determine the existence of a federal question and this would have been true even if the motion [to remand] had not been filed").  Even after this Court has denied Plaintiffs' Motion for Remand, there is still a duty to ascertain whether or not there is federal subject matter jurisdiction.

1.    **SLUSA DOES NOT APPLY TO PLAINTIFFS' CLAIMS AND THEREFORE THIS COURT LACKS FEDERAL SUBJECT MATTER JURISDICTION**

Defendants have asserted that this Court has subject matter jurisdiction over Plaintiffs' claims because they fall within the preemptive scope of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  In order for this Court to have subject matter jurisdiction over these claims, all elements necessary for SLUSA preemption must be present.  In their Motion to Dismiss, Defendants state that the issue of subject matter jurisdiction has already been decided in a Court Order dated October 6, 2004, which denied Plaintiffs' Motion to Remand.  The Defendants failed to mention that the Court addressed only one issue in detail, whether or not variable life annuities fell under the category of a "covered security" for purposes of SLUSA.  See Exhibit "A" at P. 3. Whether or not Plaintiffs' claims involve a "covered security" is only one of five elements that must be met in order for SLUSA preemption to apply.

In order for SLUSA to apply and for a court to dismiss an action under SLUSA, the burden is on the defendant to show that: (1) the action is a "covered class action" under SLUSA; (2) the action purports to be based on state law; (3) the action

involves a "covered security" under SLUSA; (4) the defendant misrepresented or omitted a material fact or employed a deceptive devise; and (5) the misrepresentation or omission was "in connection with" the purchase or sale of such security.  15 U.S.C. § 77p(b); <u>Araujo v. John Hancock Life Ins.</u>, 206 F.Supp.2d 377, 381 (E.D.N.Y.2002) and <u>Green v. Ameritrade, Inc.</u>, 279 F.3d 590, 596 (8th Cir. 2002).  As the following will demonstrate, the Defendants have failed to meet their burden with regard to the fourth and fifth elements deemed necessary for SLUSA preemption.

### a.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE PLAINTIFFS' CLAIMS DO NOT INVOLVE A MISREPRESENTATION OR OMISSION CONCERNING THE VALUE OF A "COVERED SECURITY"

Due to the Court's prior rulings, elements 1-3 will not be discussed in theis Response.  The fourth element, however, mandating that a plaintiff allege a misrepresentation, omission of material fact, or use of deception, has not and cannot be met by the Defendants.  Case-law  interpreting SLUSA  states that this fourth element is met where there has been a misrepresentation or omission "concerning the value of the securities…sold or the consideration received in return."  <u>Korsinsky v. Salomon Smith Barney Inc.</u>, 2002 U.S. Dist. LEXIS 259, No. 01-6085, 2002 WL 27775, at 4 (S.D.N.Y.Jan. 10, 2002).

Plaintiffs' claims involve a contract for the payment of commissions, and do not concern the value of any securities.  SLUSA "only converts into federal claims those state claims that fall within its clear preemptive scope, thereby confining federal question jurisdiction under that statutory regime to a subset of securities fraud cases."  <u>Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 332 F.3d 116 (2d Cir., 2003).

SLUSA expressly confines preemption and removal to lawsuits in which the plaintiff alleges a state law violation stemming from a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security preempted class action. 15 U.S.C.S. § 78bb(f)(1)(A), <u>Spielman</u>, 332 F.3d at 124.  On its face, the complaint sets forth a simple contract claim for the payment of commissions and has nothing to do with the value of securities either bought or sold.   Defendants continue to mislead this Court by insisting that this lawsuit involves misrepresentations concerning the sale or purchase of securities, when that is simply not the case.  The Defendants have denied the Plaintiffs certain commissions previously paid to them as financial advisors of the Defendants.  The Plaintiffs are seeking to retain the commissions and are merely alleging that the Defendants breached the contract to them by not paying the commissions owed to them.

      **b.**   **SLUSA DOES NOT APPLY BECAUSE ANY MISREPRESENTATIONS ASSERTED BY PLAINTIFFS WERE NOT "IN CONNECTION WITH" THE PURCHASE OR SALE OF A COVERED SECURITY**

The fifth element that must be met for SLUSA to apply is that the misrepresentation or omission of a material fact be made "in connection with" the purchase or sale of a covered security.  Even if this Court were to decide that a misrepresentation was alleged in the Plaintiffs' complaint, which it does not, that misrepresentation would not have been made "in connection with" the purchase or sale of a covered security.  Plaintiffs did not purchase the securities.  Their claims deal solely with a dispute over commissions that they earned and were to be paid by Defendants.

While SLUSA does not define the phrase "in connection with," courts have looked to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") and its interpretation of the phrase. Courts have chosen to read SLUSA and Section 10(b) in conjunction because the language in SLUSA tracks the language of Section 10(b) by requiring that a misrepresentation be "in connection with" the sale or purchase of a security. Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 189 F.Supp.2d 14, 18 (S.D.N.Y.2001).

Courts have been clear that the "in connection with" element of SLUSA is generally met where "the fraud alleged is that the plaintiff bought or sold a security in reliance on misrepresentations as to its value…" Araujo, 206 F.Supp.2d at 383, citing Steiner v. Ames Dep't Stores, Inc., 991 F.2d 953, 967 (2d Cir. 1993); see also Saxe v. E.F. Hutton & Co., Inc., 789 F.2d 105, 108 (2d Cir.1986) (stating that the element of "in connection with" is met when a plaintiff alleges a misrepresentation "concerning the value of the securities…sold or the consideration…received in return."); Chemical Bank v. Arthur Anderson & Co., 726 F.2d 930, 943 (2d Cir.1984) (stating that the purpose of Section 10(b) is "to protect persons who are deceived in securities transaction -- to make sure that buyers of securities get what they think they are getting…").

Plaintiffs' claims do not involve the value, or any misrepresentations as to value, of any securities. In analogous situations courts have found the "in connection with" element for SLUSA preemption *not* satisfied. See Green, 279 F.3d at 598-599 ("[w]e are satisfied that nothing in Green's amended complaint suggests that his cause of action arises from a sale or purchase of a security in reliance on information gained

from Ameritrade's real-time quote service. The amended complaint simply is not susceptible to being read as alleging anything of the sort. It therefore does not satisfy the criteria for SLUSA preemption."). See also <u>Ambassador Hotel Co. v. Wei-Chuan Inv.</u>, 189 F.3d 1017, 1026 (9th.Cir. 1999) (stating that "*[t] he fraud in question must relate to the nature of the securities, the risks associated with their purchase or sale, or some other factor with similar connection to the securities themselves…* it must have more than some tangential relation to the securities transaction.") (emphasis added). <u>Anatian v. Coutts Bank (Switzerland) Ltd.</u>, 193 F.3d 85, 88 (2d Cir.1999) (where a district court properly rejected an attempt "to transform what are in essence breach of contract claims or breach of fiduciary duty claims only tangentially involving securities into securities fraud claims.")

The claims asserted by Plaintiffs are in no way related to the value of securities or consideration received in the purchase or sale of a security.  In fact, the breach of contract claim only "tangentially" involves securities by simply involving a contract to pay commission to a broker.  The underlying contract in Plaintiffs' action is no different than a contract between an automobile dealership and a salesman, to pay commission based on the sale of automobiles.  Here, the basis of the Plaintiffs' action is the contract to pay commission, not a contract to sell or purchase a security.

**2.     DUE TO THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION, THIS CASE SHOULD BE REMANDED TO THE ORIGINATING STATE COURT, THE COMMON PLEAS COURT OF ALLEGHENY COUNTY**

According to 15 USCS § 78bb (f)(3)(D), "[i]f the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal

court shall remand such action to such State court." See Also <u>Spielman</u>, 332 F.3d at 125 ("If a district court determines that an action is not a "preempted class action" and, therefore, removal was improper, the district court lacks subject matter jurisdiction to further entertain the action. Rather than dismiss for want of jurisdiction, both the general remand statute, 28 U.S.C.S. § 1447(c) and 15 U.S.C.S. § 78bb (f)(3)(D), require the district court to remand the removed action back to the *originating* state court") (emphasis added). Plaintiffs originated this lawsuit in the Common Pleas Court of Allegheny County, Pennsylvania, and for the above noted reasons, it is there that this case should be remanded to.

## C.    IF SLUSA IS DEEMED NOT TO APPLY IN THIS CASE, THIS COURT LACKS SUBJECT MATTER JURISDICTION TO RULE ON PLAINTIFFS' STATE LAW CLAIMS

Section II of Defendants' Motion to Dismiss asks this Honorable Court to dismiss Plaintiffs' state law breach of contract claim and their Pennsylvania Wage Payment and Collection Law ("WPCL") claim, even in the event that this Court finds that SLUSA *does not* apply. The Defendants do not address, however, how this Court has jurisdiction to rule on the state law actions if SLUSA does *not* apply.

As convoluted as the Defendants have attempted to make this matter, the issue remains simple. If SLUSA does not apply, this Court does not have jurisdiction to rule on any claims set forth in Plaintiffs' complaint. SLUSA is the Defendants' one and only chance at keeping this action in federal court. As noted in Section B of this Response, 28 U.S.C. § 1447(c) mandates that if at any time the court discovers that it lacks subject matter jurisdiction, the case must be remanded to state court. Plaintiffs

do not feel it necessary to address Section II of Defendants' Motion to Dismiss any further because it is not possible to ask this Court to dismiss claims over which it would lack subject matter jurisdiction.

## CONCLUSION

For these reasons, the Plaintiffs respectfully request that this Court deny the Defendant's Motion to Dismiss, and Reconsider its decision regarding the remand of this case to state court based on a lack of federal subject matter jurisdiction.

Respectfully submitted,

DWYER & COLLORA, LLP

By:  s/s David M. Osborne
     _____

 David M. Osborne (BBO #564840)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 3712-1000
(617) 371-1037
Attorneys for Plaintiffs
Sean D. Ries, John R. Murray,
   and Philip C. Henry

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within Response to

Defendants' Motion to Dismiss and Renewed Motion to Remand Based For Lack of

Subject Matter Jurisdiction was served upon counsel for Defendants via hand delivery

on the 19th day of November, 2004, at the address set forth below:

Andrea J. Johnson
Jonathan A. Shapiro
Eric D. Levin
Brett R. Budzinski
Wilmer Cutler Pickering Hale and Door, LLP
60 State Street
Boston, MA 02109
(617) 526-6000


_____
David M. Osborne

## <u>TABLE OF CONTENTS</u>

I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND................................. 2

II.   ARGUMENT .......................................................................................................... 4

   A.    STANDARD OF REVIEW ...................................................................... 4

   B.    SUBJECT MATTER JURISDICTION IS ALWAYS AT ISSUE.................... 4

      1.    SLUSA DOES NOT APPLY TO PLAINTIFFS' CLAIMS AND THEREFORE THIS COURT LACKS FEDERAL SUBJECT MATTER JURISDICTION......................... 5

         a.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE PLAINTIFFS' CLAIMS DO NOT INVOLVE A MISREPRESENTATION OR OMISSION CONCERNING THE VALUE OF A "COVERED SECURITY" 6

         b.    SLUSA DOES NOT APPLY BECAUSE ANY MISREPRESENTATIONS ASSERTED BY PLAINTIFFS WERE NOT "IN CONNECTION WITH" THE PURCHASE OR SALE OF A COVERED SECURITY................................ 7

      2.    DUE TO THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION, THIS CASE SHOULD BE REMANDED TO THE ORIGINATING STATE COURT, THE COMMON PLEAS COURT OF ALLEGHENY COUNTY........................................ 9

   C.    IF SLUSA IS DEEMED NOT TO APPLY IN THIS CASE, THIS COURT LACKS SUBJECT MATTER JURISDICTION TO RULE ON PLAINTIFFS' STATE LAW CLAIMS ................................................................................................10

## AUTHORITIES

### Cases

Ambassador Hotel Co. v. Wei-Chuan Inv., 189 F.3d 1017, 1026 (9th.Cir. 1999) ......................... 9

Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir.1999) ................................. 9

Araujo v. John Hancock Life Ins., 206 F.Supp.2d 377, 381 (E.D.N.Y.2002) ...........................6, 8

Chemical Bank v. Arthur Anderson & Co., 726 F.2d 930, 943 (2d Cir.1984) .............................. 8

Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) ....................................... 4

Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002) ...................................................6, 8

Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 189 F.Supp.2d 14, 18 (S.D.N.Y.2001)...... 8

Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 746, (1976) ................................ 4

Jones v. General Tire & Rubber Co., 541 F.2d 660, 663-664 (7th Cir., 1976) ............................ 4

Korsinsky v. Salomon Smith Barney Inc., 2002 U.S. Dist. LEXIS 259, No. 01-6085, 2002 WL
    27775, at 4 (S.D.N.Y.Jan. 10, 2002) ................................................................................. 6

Saxe v. E.F. Hutton & Co., Inc., 789 F.2d 105, 108 (2d Cir.1986) ............................................ 8

Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116 (2d Cir., 2003)..........6, 10

Steiner v. Ames Dep't Stores, Inc., 991 F.2d 953, 967 (2d Cir. 1993)....................................... 8

### Statutes

15 USCS § 78bb (f)(3)(D) ......................................................................................................... 9

28 U.S.C.S. § 1447(c)............................................................................................................10