UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR.,<br><br>        Defendants. | Civil Action No. 4:04-cv-40179(FDS) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' RENEWED MOTION TO REMAND
AND IN SUPPORT OF THEIR MOTION TO DISMISS**

Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Allmerica Financial Corporation, Allmerica Financial Life Insurance & Annuity Company, and Frederick H. Eppinger, Jr.*

Dated: December 10, 2004

**CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT.................................................................................................................................2

I.  NOTHING HAS CHANGED SINCE THE COURT DENIED PLAINTIFFS' FIRST MOTION TO REMAND. ...............................................................................................2

II. THE COURT CORRECTLY RULED THAT REMOVAL WAS PROPER UNDER SLUSA. ............................................................................................................................3

    A.  The Complaint Alleges that Defendants Made "Misrepresentations" and Engaged in "Manipulative or Deceptive" Conduct.................................................4

    B.  The Complaint Readily Satisfies the "In Connection With" Standard. ..................4

III. PLAINTIFFS CANNOT AVOID DISMISSAL BY AVOIDING THE MOTION TO DISMISS ....................................................................................................................9

CONCLUSION.............................................................................................................................10

# AUTHORITIES

Federal Cases

*Ambassador Hotel Co. v. Wei-Chuan Investment*,
   189 F.3d 1017 (9th Cir. 1999) ....................................................................................... 8

*Anatian v. Coutts Bank (Switzerland) Ltd.*,
   193 F.3d 85 (2d Cir. 1999).......................................................................................... 8, 9

*Araujo v. John Hancock Life Ins. Co.*,
   206 F. Supp. 2d 377 (E.D.N.Y. 2002) .............................................................................9

*Bohlen v. Merrill Lynch*,
   311 F.3d 1087 (11th Cir. 2002) .................................................................................. 6, 7

*Cape Ann Investors LLC v. Lepone*,
   296 F. Supp. 2d 4 (D. Mass. 2003) ................................................................................ 6

*Davis v. Dawson, Inc.*,
   15 F. Supp. 2d 64 (D. Mass. 1998) ................................................................................ 3

*Davis v. Lehane*,
   89 F. Supp. 2d 142 (D. Mass. 2000) .............................................................................. 2

*Dudek v. Prudential Securities*,
   295 F.3d 875 (8th Cir. 2002) ......................................................................................... 7

*Durkin v. Taylor*,
   444 F. Supp. 879 (E.D. Va. 1977) ..................................................................................3

*Falkowski v. Imation Corp.*,
   309 F.3d 1123 (9th Cir. 2002) ....................................................................................... 6

*Green v. Ameritrade*,
   279 F.3d 590 (8th Cir. 2002) ......................................................................................... 8

*Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   189 F. Supp. 2d 14 (S.D.N.Y. 2001) ............................................................................. 6

*Herndon v. The Equitable Variable Life Ins. Co.*,
   325 F.3d 1252 (11th Cir. 2003) ..................................................................................... 4

*Lander v. Hartford Life & Annuity Ins. Co.*,
   251 F.3d 101 (2d Cir. 2001)...........................................................................................3

*Nekritz v. Canary Capital Partners*,
   No. Civ. 03-5081 (DRD), 2004 WL 1462035 (D.N.J. Jan. 12, 2004) ........................ 7


*Pakideh v. Ahadi*,
   99 F. Supp. 2d 805 (E.D. Mich. 2000) .................................................................................. 4

*SEC v. Zandford*,
   535 U.S. 813 (2002) ....................................................................................................passim

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   332 F.3d 116 (2d Cir. 2003) ................................................................................................ 9

*Superintendent of Ins. of N.Y. v. Bankers Life & Cas. Co.*,
   404 U.S. 6 (1971) ............................................................................................................ 5, 9

*United States v. O'Hagan*,
   521 U.S. 642 (1997) ........................................................................................................ 5, 9

<u>Federal Statutes</u>

15 U.S.C. § 78bb(f) ............................................................................................................... 1, 3, 4

15 U.S.C. § 77p(b) ................................................................................................................ 1, 3, 4

<u>State Statutes</u>

Mass. Gen. Laws ch. 259 ............................................................................................................. 2

Defendants Allmerica Financial Corporation, Allmerica Financial Life Insurance and Annuity Company (collectively "Allmerica"), and Frederick H. Eppinger, Jr. submit this memorandum in opposition to plaintiffs' Renewed Motion to Remand ("Renewed Motion") and in support of their Motion to Dismiss.

## INTRODUCTION

Rather than respond to the merits of defendants' Motion to Dismiss, plaintiffs attempt to relitigate their earlier failed Motion to Remand this case to state court -- even though nothing whatsoever has changed during the *six weeks* since the Court denied that motion. See Order dated October 6, 2004 ("Order") at 4. The allegations in the Complaint are the same. The applicable law (most notably, the Securities Litigation Uniform Standards Act ("SLUSA")) has not changed, nor has any new interpretive case law been published. Plaintiffs' continued efforts to relitigate the forum for this case are as ill-founded and impractical as their initial attempt to pursue two overlapping national class actions against Allmerica, in two different fora.

In any event, even if the Court is inclined to revisit its Order denying plaintiffs' Motion to Remand, there is no question that it correctly has exercised its subject matter jurisdiction in this case, which was properly removed under SLUSA, 15 U.S.C. §§ 78p(b), 78bb(f)(1). As the Court correctly held, this case "arises out of the sale of annuities and variable insurance products, both of which are 'covered securities' for purposes of the SLUSA." Order at 4. That ruling is supported by the plain meaning of the Complaint, where plaintiffs allege that defendants misrepresented the amount of commissions plaintiffs would receive for selling variable products (securities), and engaged in coercive and deceptive conduct in attempting to recoup those commissions. Thus, even if the Court were starting on a clean slate, the Renewed Motion should be denied for the same reasons the Court denied plaintiffs' first Motion to Remand.

Finally, this case should be dismissed. Plaintiffs do not dispute that the standard for preemption under SLUSA is the same as for removal under SLUSA. Nor do plaintiffs even attempt to respond to the other grounds for dismissal set forth in defendants' Motion to Dismiss: (*i*) the statute of frauds, Mass. Gen. Laws ch. 259, § 7, bars plaintiffs' claim for breach of an oral contract based on an allegedly unwritten and unsigned commission arrangement; and (*ii*) plaintiffs do not have standing to sue under the Pennsylvania Wage Act, and cannot base a claim under that statute on an inactionable breach of contract claim. See Defs.' Mem. in Supp. of Motion to Dismiss at 5-11. Accordingly, the Court should deny plaintiffs' Renewed Motion to Remand and dismiss the complaint in its entirety.

## ARGUMENT

**I.   NOTHING HAS CHANGED SINCE THE COURT DENIED PLAINTIFFS' FIRST MOTION TO REMAND.**

Nothing has changed in the six weeks since this Court denied plaintiffs' first motion to remand, making this a miscaptioned motion for reconsideration. See Renewed Motion at 11 (asking Court to "Reconsider its decision regarding the remand of this case to state court based on a lack of federal subject matter jurisdiction"). Plaintiffs cannot sustain their heavy burden on a motion for reconsideration because they have not shown: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v. Lehane, 89 F. Supp. 2d 142, 147-48 (D. Mass. 2000) (denying motion to reconsider denial of motion to dismiss habeas corpus petition for lack of subject matter jurisdiction because rehashing arguments from original brief "not enough to merit reconsideration"). "Whatever may be the purpose of a motion for reconsideration it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the

judge." Pakideh v. Ahadi, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiffs' motion is particularly insubstantial because they do not even attempt to articulate why the Court should revisit a motion that it already has fully considered and denied. There certainly is no compelling reason to do so. The allegations of the Complaint have not changed. Plaintiffs do not (and cannot) point to any intervening change in the law; to the contrary, plaintiffs rely on cases that were decided years ago, and as noted infra, are of questionable weight because they were decided prior to a 2002 Supreme Court decision that is directly on point. See Davis v. Dawson, Inc., 15 F. Supp. 2d 64, 117 (D. Mass. 1998) (under law of case doctrine, "once a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). In sum, the Court already considered plaintiffs' Motion to Remand and already ruled that under SLUSA it has jurisdiction over the case. In the absence of any intervening change in law or fact, there is no reason to reconsider the same issue.[1]

## II.   THE COURT CORRECTLY RULED THAT REMOVAL WAS PROPER UNDER SLUSA.

The Court correctly ruled that plaintiffs' Complaint fell within SLUSA's broad scope. See Order at 4.[2] Plaintiffs finally have abandoned their prior theory that SLUSA did not apply because variable annuities and life insurance products are not "covered securities." See Pls.' Motion to Remand at 5-6. This Court properly rejected that theory, as have many others. See,

---

[1] That the Court may examine its subject matter jurisdiction at any stage of the case is irrelevant because it already has considered the question once (six weeks ago) and given that nothing has changed it need not do so again. See Renewed Motion at 4-5.

[2] SLUSA is explicit that "[n]o covered class action based upon the statutory or common law of any state or subdivision thereof may be maintained in any State or Federal court by any private party alleging (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any deceptive or manipulative device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77bb(f)(1); see also 15 U.S.C. § 77p(b).

e.g., Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101 (2d Cir. 2001) (variable annuities are "covered securities" under SLUSA); Herndon v. The Equitable Variable Life Ins. Co., 325 F.3d 1252, 1254 (11th Cir. 2003) (variable life insurance policy is "covered security"). Having dropped that argument, plaintiffs do no better with their similarly deficient attempts to obscure that the Complaint alleges misconduct "in connection with the purchase or sale of a covered security," a prong of the statute that has been broadly construed and is readily satisfied here. See Renewed Motion at 5-9.

> **A. The Complaint Alleges that Defendants Made "Misrepresentations" and Engaged in "Manipulative or Deceptive" Conduct.**

The Complaint plainly alleges that defendants misrepresented the amount of commissions paid for plaintiffs' sale of variable products, that plaintiffs sold variable products based on the "100% commission arrangement," and that defendants engaged in coercive and threatening conduct in attempting to recoup certain commissions paid to plaintiffs under this arrangement. See Compl. ¶¶ 30-31, 37-42, 43-44, 55-58 (alleging that Allmerica announced the "100% commission arrangement," then unilaterally rescinded it after plaintiffs had sold variable products and earned commissions pursuant to that arrangement), and ¶ 49 (alleging that Allmerica "attempted to coerce Plaintiffs into refunding the commissions they earned and were paid . . . by threatening collection efforts against them"). Accordingly, the Complaint contains allegations that defendants made untrue statements and engaged in manipulative or deceptive conduct, and thus provides two independent bases for SLUSA jurisdiction. See 15 U.S.C. §§ 77p(b), 78bb(f)(1) (allegations of a "misrepresentation" *or* "manipulative or deceptive device or contrivance" trigger SLUSA jurisdiction).

> **B. The Complaint Readily Satisfies the "In Connection With" Standard.**

The Court correctly found that the misrepresentations and deceptive conduct alleged by

plaintiffs arose "in connection with" plaintiffs' sales of covered securities.  See Order at 4.  Plaintiffs now attempt to relitigate that ruling by misconstruing SLUSA as limited to lawsuits alleging misrepresentations that relate to the "value" of a security -- even though the Supreme Court has *expressly rejected* plaintiffs' narrow construction of the "in connection with" requirement.  See Renewed Motion at 7-9.

Significantly, in SEC v. Zandford, 535 U.S. 813 (2002), the Court made plain that "neither the SEC nor this Court has ever held that there must be a misrepresentation about the *value* of a particular security" to satisfy the "in connection with" requirement of Section 10(b) of the 1934 Act.  Id. at 820 (emphasis added).  Instead, the "in connection with" standard is satisfied whenever the alleged misconduct "coincides" with or is in proximity to the purchase or sale of securities.  Id. at 822 (holding that "in connection with" only requires that alleged "scheme to defraud and the sale of securities *coincide*") (emphasis added).[3]

Indeed, plaintiffs' misconstruction of the "in connection with" requirement also is foreclosed by Supreme Court precedent dating back *more than 30 years.*  The Supreme Court consistently has held that the "in connection with the purchase or sale of a security" requirement of the federal securities laws does not require that the misrepresentation concern the "value" of securities.  See United States v. O'Hagan, 521 U.S. 642, 655-61 (1997) (holding that defendant who purchased stock in target corporation prior to it being purchased in tender offer, based on inside information he acquired as member of law firm representing tender offeror, could be found guilty of securities fraud under Section 10(b) -- "in connection with the purchase or sale of

---

[3] In Zandford, the Court found that the defendant broker's sale of securities from his clients' accounts and misappropriation of the proceeds violated Section 10(b).  The Court rejected defendant's argument that his alleged misrepresentations were not "in connection with the purchase or sale of a security" because they did not relate to the value of the securities he sold from plaintiffs' accounts -- the same argument made by plaintiffs in this case.  See id. at 820 (noting defendants' view that "the alleged scheme is not materially different from a simple theft of cash").

security" requirement met even though fraud (trading on inside information) did not concern the value of security); Superintendent of Ins. of N.Y. v. Bankers Life & Cas. Co., 404 U.S. 6, 10 (1971) (company injured "in connection with" sale of security where directors authorized sale of company's treasury bonds because they had been misled into believing that company would receive proceeds of sale; misrepresentation did not concern value of underlying security).

Even plaintiffs concede that Zandford's construction of the "in connection with" requirement under Section 10(b) is the same standard that governs the "in connection with" requirement under SLUSA.[4]  See, e.g., Cape Ann Investors LLC v. Lepone, 296 F. Supp. 2d 4, 11 (D. Mass. 2003) ("In defining what is meant by the phrase 'in connection with' the purchase or sale of a covered security [under SLUSA], courts have consistently looked to Rule 10b-5 from which the phrase is borrowed"); Bohlen v. Merrill Lynch, 311 F.3d 1087, 1093 (11th Cir. 2002) (holding that "Congress intended the phrase 'in connection with' to have the same meaning under the SLUSA that it has under section 10b-5, because the SLUSA was enacted as amendment to the 1933 and 1934 Acts"); Falkowski v. Imation Corp., 309 F.3d 1123, 1129 (9th Cir. 2002) (examining case law under 1933 and 1934 Acts to interpret SLUSA's "in connection with" requirement and holding that state law claims involving employee stock options preempted by SLUSA).

Here, the "in connection with" test is easily satisfied because, as in Zandford, the defendants' alleged misconduct "coincided" with the sales of securities.  See Zandford, 535 U.S. at 822.  That is, plaintiffs allege that defendants misrepresented the amount of commissions plaintiffs would receive in exchange for selling variable products, that plaintiffs sold variable

---

[4] Plaintiffs acknowledge that the Zandford standard applies to SLUSA.  See Renewed Motion at 8 ("Courts have chosen to read SLUSA and Section 10(b) in conjunction because the language in SLUSA tracks the language of Section 10(b)") (citing Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 189 F. Supp. 2d 14, 18 (S.D.N.Y. 2001)).


products based on the "100% commission arrangement," and that defendants engaged in coercive and threatening conduct in attempting to recoup certain commissions paid to plaintiffs under this arrangement.  See supra Section II.A.  Moreover, plaintiffs (who were registered with the NASD) concede that they could not even have sold these products, or claimed any entitlement to commissions, unless those sales were suitable and they satisfied other legal requirements governing securities transactions.  See Compl. ¶¶ 28, 29, 42.  Thus, by plaintiffs' own pleading, defendants' alleged misconduct was directly tied to and entirely dependent upon sales of securities, arguably more so than the misconduct that allegedly "coincided" with the sales of securities in Zandford and Superintendent of Insurance, which conceivably could have taken place independent of the securities sales.

This conclusion is consistent with other cases interpreting SLUSA's "in connection with" requirement.  For example, in Bohlen v. Merrill Lynch, 311 F.3d 1087 (11th Cir. 2002), the plaintiffs filed a class action in state court, alleging that defendants sold them Class B shares in a mutual fund, when they were unknowingly eligible to purchase Class A shares.  Plaintiffs further alleged that defendants sold them the wrong shares because the Class B shares were subject to higher fees and commissions than the Class A shares.  The Eleventh Circuit affirmed the district court's denial of remand and dismissal under SLUSA, rejecting plaintiffs' argument that fees and commissions were incidental to the sale of securities, even though -- just as here -- the alleged misconduct concerning commissions did not concern the underlying value of the securities.  See id. at 1094; see also Dudek v. Prudential Securities, 295 F.3d 875 (8th Cir. 2002) (affirming denial of remand and dismissal under SLUSA where plaintiff had alleged that defendant improperly marketed tax-deferred annuities to accounts that already enjoyed tax-deferred status, which allegedly caused plaintiffs to incur extra fees and costs); Nekritz v. Canary Capital

Partners, No. Civ. 03-5081 (DRD), 2004 WL 1462035 (D.N.J. Jan. 12, 2004) (denying remand pending transfer ruling in class action where plaintiffs alleged that defendants engaged in market-timing in mutual funds, and citing Zandford for proposition that alleged misconduct need not concern "value" of security in order to satisfy SLUSA's "in connection with" requirement).

Plaintiffs also cannot avoid SLUSA by pointing out that they were not the ones who "purchased" the securities. See Renewed Motion at 7. As noted, SLUSA applies to claims "in connection with" -- defined by the Supreme Court as alleged misconduct that "coincides" with -- securities transactions. See supra at 5-6. There is no requirement that plaintiffs be the buyer; only that *someone* be the buyer. This is why SLUSA's "in connection with" requirement is satisfied where, as here, the plaintiff is the seller of securities, see Zandford, 535 U.S. at 822; Superintendent of Insurance, 404 U.S. at 10, or where it was the defendant's transactions that allegedly caused the harm. See Nekritz, 2004 WL 1462035.

Finally, plaintiffs telegraph the weakness of their latest SLUSA motion by relying on three inapposite, pre-Zandford cases, from other jurisdictions. See Renewed Motion at 8-9. First, the court in Green v. Ameritrade, 279 F.3d 590 (8th Cir. 2002) ruled that allegations that Ameritrade breached a contract because its website provided "stale" (instead of "real time") stock quotes did not constitute fraud "in connection with the purchase or sale of a security" because *the complaint did not allege that plaintiffs or any other party purchased or sold a security* (but instead that the website did not function as advertised). Id. at 594, 597-99. Here, by contrast, the Complaint clearly alleges that plaintiffs earned commissions as a result of their sales of securities pursuant to the alleged "100% commission arrangement." Second, the court in Ambassador Hotel Co. v. Wei-Chuan Investment, 189 F.3d 1017 (9th Cir. 1999) merely found that misrepresentations as to the value of securities were *sufficient* to satisfy Section 10(b)'s "in

- 8 -

connection with" requirement; it nowhere suggested that such value-related allegations are *necessary*. See id. at 1026-27 ("the fraud in question need not relate to the investment value of the securities themselves"). In any event, Zandford subsequently made clear that the alleged misconduct need not relate to the value of securities. Finally, the court in Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85 (2d Cir. 1999) rejected plaintiff's attempt to base a Section 10(b) claim (and a RICO claim) on allegations that bank representatives misrepresented their authority to exceed the bank's lending requirements and failed to carry out loan commitments, because *there was no purchase or sale of a security* -- the only connection to a security was the allegation that defendants inflated the value of the stock plaintiff pledged as collateral for the loan. See id. at 88. By contrast, it is undisputed that plaintiffs sold securities (variable annuities and life insurance) in this case, and plaintiffs seek damages allegedly caused by defendants having solicited those sales with misleading and coercive commission arrangements.[5]

## III. PLAINTIFFS CANNOT AVOID DISMISSAL BY AVOIDING THE MOTION TO DISMISS.

Plaintiffs claim that defendants' Motion to Dismiss is "convoluted" and say that, because they are (again) seeking remand, they "do not feel it necessary" to address anything other than SLUSA. See Renewed Motion at 10-11. Nothing changes, however, that their oral breach of contract claim (Count I) is precluded, as a matter of law, by the statute of frauds. See Defs.' Mem. in Supp. Motion to Dismiss at 5-9. Plaintiffs also have no standing to sue under the

---

[5] Plaintiffs also do no better with Araujo v. John Hancock Life Ins. Co., 206 F. Supp. 2d 377 (E.D.N.Y. 2002) and Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116 (2d Cir. 2003). First, Araujo goes against plaintiffs (denying remand under SLUSA) and is not particularly relevant (because there, unlike here, the misrepresentation concerned the value of the securities, which Zandford says is not necessary). As stated above, the Supreme Court in Zandford, O'Hagan, and Superintendent of Insurance, and other cases, have made abundantly clear that the misconduct need not relate to the value of the securities in order to satisfy SLUSA's "in connection with" standard (and the Araujo court did not hold otherwise). Second, the Second Circuit in Spielman decided only that it lacked appellate jurisdiction to review the district court's remand of a case that had been removed under SLUSA, which is irrelevant because the court did not even interpret the "in connection with" standard upon which plaintiffs here rely. Furthermore, the district court's remand decision was issued *prior* to Zandford, and to the extent it is inconsistent with the Zandford standard, it should not be accorded any weight by the Court.

Pennsylvania Wage Act (Count II), and they cannot base a claim under that statute on an inactionable breach of contract claim. See id. at 9-12. Accordingly, the Court should dismiss the Complaint in its entirety.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' Renewed Motion to Remand, grant defendants' Motion to Dismiss, and dismiss the Complaint with prejudice.

>Respectfully Submitted,
>
>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO., and FREDERICK H. EPPINGER, JR.
>
>By their attorneys,
>
>/s/ Eric D. Levin
>Andrea J. Robinson (BBO# 556337)
>Jonathan A. Shapiro (BBO# 567838)
>Eric D. Levin (BBO# 639717)
>Brett R. Budzinski (BBO# 655238)
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109
>(617) 526-6000

Dated: December 10, 2004

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 10th day of December, 2004 on the following counsel of record:

By Fax

David M. Osborne, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

By Overnight Mail

William C. Ries, Esq.
Jonathan S. McAnney, Esq.
Tucker Arensburg, P.C.
1550 One PPG Place
Pittsburgh, PA  15222

                                                    /s/ Eric D. Levin
                                                    Eric D. Levin