IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN D. RIES, JOHN R. MURRAY, PHILIP C. HENRY, and others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALLMERICA FINANCIAL CORPORATION, ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, and FREDERICK H. EPPINGER, JR.,<br><br>        Defendants. | Civil Action No. 04-CV-40179 |

**PLAINTIFFS' MOTION FOR COUNSEL FEES PURSUANT TO 28 U.S.C. § 1447**

NOW COME, Plaintiffs, Sean D. Ries, John R. Murray, Philip C. Henry, and others similarly situated, by and through their undersigned counsel, and files this Motion For Counsel Fees.

    **I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

1. The Complaint in this action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania on May 12, 2004. The Complaint asserts a breach of contract count and a cause of action under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, et seq. against the corporate Defendants.

2. The Plaintiffs are three (3) former financial advisors employed by Allmerica Financial Corporation. During the period from October 1, 2002 through

November 15, 2002, the Plaintiffs and Defendants entered into a commission arrangement which provided that the financial advisors would earn a 100% pay-out on commissions on the sale of all non-proprietary annuities and variable life products (including replacement products). In response to the implementation of this program, the Plaintiffs replaced and transferred business during the applicable time period and earned commissions from Allmerica.

3. In May 2003, Allmerica began a course of conduct whereby they unilaterally began to recoup or "collect back" the commissions that had been paid to the Plaintiffs. The Defendants are seeking to collect the sum of $10,428.33 from the Plaintiff Sean D. Ries (See Paragraph 50 of Complaint). The Defendants are seeking to collect the sum of $8,996.23 from the Plaintiff John R. Murray (See Paragraph 51 of Complaint). The Defendants are seeking to collect the sum of $20,334.70 from the Plaintiff Philip C. Henry (See Paragraph 52 of Complaint).

4. On June 15, 2004, the Defendants removed this case to the United States District Court for the Western District of Pennsylvania. Thereafter, on June 28, 2004, the Defendants filed their Motion to Transfer to the United States District Court for the District of Massachusetts. On July 13, 2004, Plaintiffs filed a Motion in the District Court for the Western District of Pennsylvania seeking a remand of this lawsuit back to state court in the Court of Common Pleas of Allegheny County.

5. On August 16, 2004, the District Court for the Western District of Pennsylvania granted the Defendants' Motion to Transfer to District of Massachusetts.

On August 26, 2004, the Plaintiffs filed a Motion for Reconsideration of Order on Defendants' Motion to Transfer to the District of Massachusetts.  Said Motion was denied by Court Order dated September 15, 2004.  Plaintiffs' Motion to Remand to state court was denied by Court Order dated October 6, 2004.

6.    On November 5, 2004, Plaintiffs filed a Renewed Motion for Remand for Lack of Subject Matter Jurisdiction, dated November 29, 2004.  That Renewed Motion for Remand was granted by this Honorable Court by Order dated May 6, 2005.  See Order attached as Exhibit "A."

## II.    ARGUMENT

7.    Where a case is ultimately remanded to state court, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

8.    In determining whether to award costs, expenses, and attorney's fees under 28 USCS § 1447(c), a federal court has broad discretion; an award of costs, expenses, and attorney's fees under § 1447(c) is particularly appropriate where lack of jurisdiction is plain in law and would have been revealed to counsel for defendant with minimum of research.  *Mitchell v Street*, 310 F.Supp.2d 724 (E.D. Pa, 2004).

9. Defendants removed the current action to federal court on the basis that the claims asserted fall within the preemptive scope of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In order for this Court to have subject matter jurisdiction over these claims, all elements necessary for SLUSA preemption must have been present.

10. This Court, by Order dated May 6, 2005, remanded the case to state court in the Allegheny County Court of Common Pleas. Under 1447(c), the Plaintiffs are entitled to seek counsel fees and actual costs for defending the removal action.

11. Specifically, as this Court ruled in its Order dated May 6, 2005, remanding this matter to state court for lack of subject matter jurisdiction, both the fourth and fifth factors required for SLUSA preemption are lacking on the face of Plaintiffs' complaint. Plaintiffs never alleged any misrepresentation or omission of material fact or employment of manipulative or deceptive device, nor did they allege any wrongful conduct occurring "in connection with" the purchase or sale of a covered security.

12. Courts have been cautioned to keep a watchful eye on defendants' "attempts to recast [a] complaint as a securities lawsuit in order to have it pre-empted by the SLUSA." *MDCM Holding, Inc. v. Credit Suisse First Boston Corp.*, 216 F.Supp.2d 251, 257 & n.12 (S.D.N.Y. 2002).

13. Here, Defendants clearly attempted to cast Plaintiffs' claims in a light which would mislead the court to believe that SLUSA should apply. This attempt to blur the distinction between a breach of contract claim and claim for misrepresentation or fraud constitutes bad faith on the part of the Defendants.

14. The Plaintiffs complaint was seeking relatively small amounts in the way of damages, yet due to Defendants' removal action, the Plaintiffs have incurred significant legal expenses in defending the removal and transfer of the case to federal court in Massachusetts, familiarization with relatively new securities laws in SLUSA, and all subsequent proceedings in federal court. Those costs are detailed below:

    Tucker Arensberg, P.C. - $40,565.50

    Costs/Expenses - $1,207.33

15. All of the above fees and expenses are reasonable and were incurred in defending against Defendants' removal and transfer actions. See Affidavit of Jonathan S. McAnney, attached hereto as Exhibit "B". Plaintiffs are therefore entitled to and request that this Honorable Court award them, under 28 U.S.C. § 1447(c), the above costs of litigation that were the direct result of Defendants' attempts to remove Plaintiffs' state court claims into federal court in order to obtain a more favorable forum. The Plaintiffs have been forced to incur the above expenses even though the case now stands in the exact same position it did prior to the Defendants' removal action.

## CONCLUSION

For these reasons, the Plaintiffs respectfully request that this Court grant the Plaintiffs' Motion for Counsel fees relating to Defendant's removal action.

Respectfully submitted,

SEAN D. RIES, JOHN R. MURRAY, and
PHILIP C. HENRY
By their attorneys,


/s/ David M. Osborne
_____
David M. Osborne (BBO #564840)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000
(617) 371-1037


TUCKER ARENSBERG, P.C.

William C. Ries, Esquire
Robert L. McTiernan, Esquire
Jonathan S. McAnney, Esquire
Ron R. Parry, Esquire
Robert R. Sparks, Esquire

LIT:342485-1 020948-117695