UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

SEAN D. RIES, JOHN R. MURRAY,
PHILIP C. HENRY, and others similarly
situated,

              Plaintiffs,

        v.

ALLMERICA FINANCIAL
CORPORATION, ALLMERICA
FINANCIAL LIFE INSURANCE AND
ANNUITY COMPANY, and
FREDERICK H. EPPINGER, JR.,

              Defendants.

Civil Action No. 4:04-CV-40179 (FDS)

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR COUNSEL FEES PURSUANT TO 28 U.S.C. § 1447

Defendants Allmerica Financial Corporation, Allmerica Financial Life Insurance and

Annuity Company (collectively, "Allmerica"), and Frederick H. Eppinger, Jr. (collectively,

"defendants") submit this memorandum in opposition to plaintiffs' motion for counsel fees

pursuant to 28 U.S.C. § 1447.  This Court should deny plaintiffs' motion for several compelling

reasons.  First, the motion is untimely on its face as it was submitted 10 days after the deadline

set forth in Federal Rule of Civil Procedure 54(d)(2)(B).  Second, the state of law when

defendants filed their notice of removal makes evident that there was a "colorable" basis to

support removal under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C.

§§ 77p(b)-(c), 78bb(f)(1)-(2).  See, e.g., Santiago v. Barre Nat'l, Inc., 795 F. Supp. 508, 513 (D.

Mass. 1992) (denying fees where removal argument "colorable"); Flexcon Co. v. Ramirez

Commercial Arts, Inc., 190 F. Supp. 2d 185, 186-87 (D. Mass. 2002) (denying fees where "no

- 1 -

evidence . . . that defendant sought removal in bad faith or for oppressive reasons"). Courts

consistently have denied post-remand fee petitions, recognizing that SLUSA is a novel and

complex statute that has raised unsettled questions and spawned evolving areas of law. This

Court's denial of plaintiffs' first motion to remand confirms that defendants' SLUSA arguments

were grounded in the law, even though ultimately not persuasive. Denial of fees is particularly

appropriate here because neither the Court of Appeals for the First Circuit nor the Supreme Court

has construed SLUSA. Third, denial of plaintiffs' motion also is warranted because defendants

had a "colorable" basis to remove the action based on diversity jurisdiction, which plaintiffs do

not even address in their motion. Accordingly, plaintiffs' motion should be denied.

## ARGUMENT

**I.     PLAINTIFFS' MOTION IS UNTIMELY AS IT WAS SUBMITTED SUBSTANTIALLY AFTER THE DEADLINE IMPOSED BY RULE 54(d)(2)(B).**

Plaintiffs filed their motion for attorney's fees 10 days *after* the deadline set forth in Rule

54(d)(2)(B), and therefore the motion is untimely. Rule 54(d)(2) provides in relevant part:

> Claims for attorneys' fees and related non-taxable expenses shall be made by
> motion . . . Unless otherwise provided by statute or order of the court, the motion
> must be filed no later than 14 days after entry of judgment.

Fee petitions under 28 U.S.C. § 1447(c) are governed by the deadline set forth in Rule

54(d)(2)(B). See Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 257 (6th

Cir. 1997) ("proper timeliness requirement for a motion for attorney fees in connection with

remand is found in Fed. R. Civ. P. 54(d)(2)(B)"); LaRocca v. Borden, Inc., No. Civ. A. 95-CV-

12492-RGS, 2002 WL 745817, at *1 (D. Mass. Apr. 24, 2002) (denying prevailing party's fee

request pursuant to ERISA fee-shifting statute because untimely under Rule 54(d)(2)(B)); Toledo

Police Patrolmen's Ass'n v. Toledo, 167 F. Supp. 2d 975, 977 (N.D. Ohio 2001) (denying

Section 1447(c) fee petition as untimely under Rule 54(d)(2)(B)); 44 Liquormart, Inc. v. Rhode

Island, 940 F. Supp. 437, 443 (D.R.I. 1996) (denying fee request pursuant to 42 U.S.C. § 1988 and motion for enlargement filed two weeks late under Rule 54(d)(2)(B)).

The Court's Order of Remand issued on May 6, 2005, and it transferred the case back to Pennsylvania state court and closed the case on May 10.  The remand order did not set any deadline for submission of fee requests, nor did it extend the 14-day deadline imposed by Rule 54(d)(2)(B).  Plaintiffs submitted their fee petition on June 3 -- 28 days after the remand order and 24 days after transfer and close of the case -- which is substantially beyond the "strict" Rule 54(d)(2)(B) deadline.  See LaRocca, 2002 WL 745817, at *1 ("It is clear from the text of Rule 54(d)(2)(B), and the accompanying Advisory Committee Notes, that the 1993 Amendments to the Rule were intended to impose a strict statute of limitations" on fee requests); see also Witty v. Dukakis, 3 F.3d 517, 519 (1st Cir. 1993) (in case interpreting now-repealed Local Rule 54.3, court held that "rules limiting the time within which fee claims may be filed are enforceable according to their tenor" and affirmed district court's denial of fee motion on grounds it was untimely).  Accordingly, plaintiffs' fee request is untimely and should be denied.

## II.    DEFENDANTS' COLORABLE BASIS FOR REMOVAL WARRANTS DENIAL OF PLAINTIFFS' FEE MOTION.

### A.    Attorney's Fees Should Not Be Awarded Where, as Here, Colorable Grounds for Removal Existed at the Time of Removal.

Section 1447(c) provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal."  28 U.S.C. § 1447(c) (emphasis added).  Courts in this circuit generally hold that a Section 1447(c) fee motion should be denied where, as here, "colorable" grounds for removal existed at the time of removal.  See Santiago, 795 F. Supp. at 513 (Judge Woodlock) (denying fees and finding removal argument "colorable," even though defendant removed more than one year after commencement of action in contravention of Section 1446(b), where First Circuit had not yet

interpreted one-year deadline and other courts had taken "flexible approach" to limitation); see also Flexcon, 190 F. Supp. 2d at 186-87 (Judge Gorton) (denying fees where split of authority and absence of First Circuit precedent governing use of counterclaims to establish jurisdictional amount and finding "no evidence in this record . . . that the defendant sought removal in bad faith or for oppressive reasons"); Karpowicz v. Blue Cross & Blue Shield of Mass., No. 96-10050-MLW, 1996 WL 528372, at *4-7 (D. Mass. Aug. 19, 1996) (Judge Wolf) (concluding that consent for removal untimely with respect to co-defendant, but holding fees not justified because "the law is uncertain and the defendants raised legitimate jurisdictional issues in evident good faith"); Gattegno v. Sprint Corp., 297 F. Supp. 2d 372, 375-78 (D. Mass. 2003) (Judge Keeton) (denying fees because "defendants had a reasonable basis for removing" a putative class action and rejecting plaintiffs' argument that fees should be awarded because an "overwhelming majority of remand decisions to date in cases containing similar claims against Sprint . . . have been in favor of remand").[1]

In so holding, courts have considered the following factors: (1) whether there is any evidence that the defendant sought removal in bad faith or for oppressive reasons; (2) the novelty or complexity of the relevant area of law; (3) the existence of a split of authority with respect to governing questions of law; and (4) the absence of controlling circuit authority directly on point. See Santiago, 795 F. Supp. at 513; Flexcon, 190 F. Supp. 2d at 186-87; Karpowicz, 1996 WL

---

[1] See also Kiedaisch v. Nike, Inc., No. Civ. 03-502-M, 2004 WL 368320, at *6 (D.N.H. Feb. 24, 2004) (denying fees where defendant asserted ERISA preemption as grounds for removal of wrongful termination action based on plaintiff's deposition testimony that termination was motivated by desire to avoid funding his pension -- "Although it might be a stretch to call this a 'close' question, defendant's position was plausible, particularly given the *absence of controlling authority on point in this circuit*") (emphasis added); Tremblay v. Philip Morris, Inc., 231 F. Supp. 2d 411, 419 (D.N.H. 2002) (denying fees in class action where defendant removed based on theories that § 1332 amount in controversy satisfied by trebling named plaintiff's actual damages under state law provision or by attributing attorney's fees to named plaintiffs (rather than entire class) "[b]ecause Philip Morris had a good faith basis for seeking removal, given the *complexity of the law in this area*") (emphasis added); Guglielmo v. Worldcom, Inc., No. Civ. C-00-160-B, 2000 WL 1507426, at *6 (D.N.H. July 27, 2000) (denying fee award where removal based on complete preemption under Federal Communications Act and application of artful pleading doctrine "because WorldCom had a good faith basis for seeking removal, given the *complexity of the law in this area*") (emphasis added).

528372, at *4-7; Gattegno, 297 F. Supp. 2d at 375-78.  These considerations warrant denial of

plaintiffs' fee petition because defendants had a good faith, colorable basis for removal under

SLUSA and the federal diversity statute, as set forth herein.

### B.    Defendants Had a Colorable Basis for Removal Under SLUSA.

#### 1.    Defendants' SLUSA Arguments Were Made in Good Faith and Were Grounded in the Law.

Defendants' arguments for removal under SLUSA were made in good faith and were

grounded in the law, even though they were ultimately found by the Court not to be persuasive.

To recap, SLUSA allows removal and preemption where:  (1) the suit is a "covered class action";

(2) the action purports to be based on state law; (3) the action involves a "covered security"; (4)

the complaint alleges a misrepresentation or omission of a material fact or the employment of a

manipulative or deceptive device; and (5) the wrongful conduct is alleged to have occurred "in

connection with" the purchase or sale of a covered security.  See Order of Remand dated May 6,

2005 at 4 (citing Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); Araujo v. John

Hancock Life Ins., 206 F. Supp. 2d 377, 381 (E.D.N.Y. 2002)).

The Court initially concluded that removal was proper by denying plaintiffs' first motion

to remand.  See Order dated October 6, 2004 ("Plaintiffs' suit thus arises out of the sale of

annuities and variable life insurance products, both of which are 'covered securities' for purposes

of the SLUSA.  Accordingly, this Court has federal question jurisdiction over plaintiffs'

claims.").  That alone confirms the reasonableness of defendants' arguments and warrants denial

of plaintiffs' motion.  See Weiser v. United Food and Commercial Workers Unions and

Employers Midwest Health Benefits Fund, No. 93 C 6080, 1994 WL 23080, at 6 n.4 (N.D. Ill.

Jan. 21, 1994) (denying plaintiffs' request for costs and fees where, as here, court initially denied

motion for remand, but later granted on motion for reconsideration).

There are equally compelling reasons to conclude that defendants' SLUSA arguments were colorable and well-founded apart from the Court's initial remand decision. As this Court noted in its subsequent remand order, there is no question that defendants satisfied the first three elements of SLUSA -- plaintiffs' suit is a "covered class action," which is based on "state law," and it involves a "covered security." See Order of Remand dated May 6, 2005 at 4-5. Although the Court concluded upon further consideration that defendants did not satisfy the fourth and fifth elements of SLUSA, see id., defendants' arguments to the contrary were certainly "colorable."

First, to support their assertion that the Complaint alleged an untrue statement or omission of material fact or the employment of a manipulative or deceptive device, Allmerica argued that:

> The Complaint . . . alleges that defendants misrepresented the amount of commissions paid for plaintiffs' sale of variable products, that plaintiffs sold variable products based on the "100% commission arrangement," and that defendants engaged in coercive and threatening conduct in attempting to recoup certain commissions paid to plaintiffs under this arrangement. See Compl. ¶¶ 30-31, 37-42, 43-44, 55-58 (alleging that Allmerica announced the "100% commission arrangement," then unilaterally rescinded it after plaintiffs had sold variable products and earned commissions pursuant to that arrangement), and ¶ 49 (alleging that Allmerica "attempted to coerce Plaintiffs into refunding the commissions they earned and were paid … by threatening collection efforts against them."). Accordingly the Complaint contains allegations that defendants made untrue statements and engaged in manipulative or deceptive conduct, and thus provides two independent bases for SLUSA jurisdiction.

Defendants' Memorandum in Opposition to Plaintiffs' Renewed Motion to Remand and in Support of their Motion to Dismiss at 4. Defendants made these arguments based on a good faith reading of the allegations in plaintiffs' Complaint and SLUSA.

Second, although the Court found upon further consideration that the Complaint did not allege fraudulent conduct "in connection with" the purchase or sale of a covered security, see Order of Remand dated May 6, 2005 at 7-10, Allmerica had a good faith basis to argue otherwise

by relying on SEC v. Zandford, 535 U.S. 813 (2002), where the Supreme Court held that the

misrepresentation or deception merely must "coincide" with the purchase or sale of a security in

order to satisfy the "in connection with" requirement of Section 10(b) of the 1934 Act.

Significantly, Zandford expressly rejected the remand argument made by plaintiffs in this case

that a misrepresentation must relate to the value of a particular security. See Defendant's

Memorandum in Opposition to Plaintiffs' Renewed Motion to Remand and in Support of their

Motion to Dismiss at 5-6 .[2]   Defendants further argued that the flexible "coincide" test was met

because the plaintiffs alleged (i) "that defendants had misrepresented the amount of commissions

. . . for selling variable products," (ii) "that plaintiffs sold variable products based on the '100%

commission arrangement,'" and (iii) "that defendants engaged in coercive or threatening conduct

in attempting to recoup certain commissions paid to plaintiffs under this arrangement." Id. at 6-

7.

    Defendants relied on SLUSA decisions from Courts of Appeals in the Eleventh and

Eighth Circuits and the District of New Jersey.  See Bohlen v. Merrill Lynch, 311 F.3d 1087

(11th Cir. 2002); Dudek v. Prudential Secs., 295 F.3d 875 (8th Cir. 2002); Nekritz v. Canary

Capital Partners, No. Civ. 03-5081 (DRD), 2004 WL 1462035 (D.N.J. Jan. 12, 1004).  It was in

every respect reasonable advocacy for defendants to have relied on those decisions, and although

the Court is not bound to precedent from other circuits, there is no question that those cases

supported the arguments for which they were cited.

    The decision in Feitelberg v. CreditSuisse First Boston LLC, No. C 03-3451-SC, 2003

WL 22434098 (N.D. Cal. Oct. 24, 2003) is instructive.  In that case, the plaintiffs alleged that

---

[2] Defendants also cited the Supreme Court's decisions in United States v. O'Hagan, 521 U.S. 642, 655-61 (1997) and Superintendent of Ins. of N.Y. v. Bankers Life & Cas. Co., 404 U.S. 6, 10 (1971) as further support for the proposition that the "in connection with" standard did not require that the misrepresentation relate to the value of a security. See Defendants' Memorandum in Opposition to Plaintiffs' Renewed Motion to Remand and in Support of their Motion to Dismiss at 5-6.

defendants engaged in unfair business practices in violation of California law by holding out

their analysts as providing objective and unbiased research when, in reality, those analysts were

controlled by the investment banking groups. See id. at *1. Plaintiffs specifically excluded

claims based upon the purchase or sale of the shares of the issuers. See id. Defendants removed

under SLUSA, and plaintiffs moved for remand on the ground, *inter alia*, they did not allege any

wrongdoing "in connection with" the purchase or sale of a covered security. See id. at *3. The

court granted the motion to remand, but denied plaintiffs' motion for attorney's fees because

SLUSA "is a complicated and evolving area of the law, and it would be inappropriate to penalize

Defendants for removing this action." Id. at *6.

Third, that the Court ultimately ruled against defendants does not mean that defendants'

arguments in support of removal were not legitimate, and certainly not implausible, frivolous, or

so weak as to warrant an award of fees. This is especially true given the total absence of *any*

First Circuit or Supreme Court precedent interpreting SLUSA at the time of removal. See, e.g.,

Flexcon, 190 F. Supp. 2d at 186-87 (denying fees where absence of controlling First Circuit

authority); Santiago, 795 F. Supp. at 513 (same).

In fact, two decisions released after defendants had filed their notice of removal

demonstrate that the reach of SLUSA has expanded in some jurisdictions and, at the very least,

show that the scope of SLUSA is unsettled and still evolving. In this regard, the Seventh Circuit

recently ruled that SLUSA authorizes removal and preempts state law claims that could not

possibly be litigated under the federal securities laws. See Kircher v. Putnam Funds Trust, 403

F.3d 478, 482-84 (7th Cir. 2005) (holding that the "in connection with" standard of SLUSA is

*not* limited by the standing rule of Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975)

that restricts private claims under Rule 10b-5 to only those brought by purchasers and sellers of

securities; *i.e.*, SLUSA preempts state-law claims even where plaintiffs allege a class containing

entirely non-traders); Premium Plus Partners, L.P. v. Davis, No. 04 C 1851, 2005 WL 711591

(N.D. Ill. Mar. 28, 2005) (SLUSA preempts state law claims based on plaintiffs' purchases of

commodities).

Fourth, *in their only argument in support of this motion*, plaintiffs claim they are entitled

to fees because:

> [B]oth the fourth and fifth factors required for SLUSA preemption are lacking on
> the face of Plaintiffs' complaint.  Plaintiffs never alleged any misrepresentation or
> omission of material fact or employment of manipulative or deceptive device, nor
> did they allege any wrongful conduct occurring "in connection with the purchase
> or sale of a covered security."

Pls.' Motion ¶ 11.  In other words, plaintiffs contend that because they did not expressly allege

these elements of SLUSA in their Complaint, defendants must have acted in bad faith by arguing

that they were *implicitly* satisfied by the Complaint.  Plaintiffs' theory turns SLUSA on its head;

if plaintiffs were correct, then no defendant would be entitled to remove a case to federal court

where plaintiffs did not expressly label their allegations as "fraud," "misrepresentation," or

"omission."

Indeed, contrary to plaintiffs' position, in determining whether SLUSA applies, courts

recognize that they must look behind labels to examine whether the "operative allegations" or the

"gravamen" of the complaint hinge on a theory of misrepresentation or omission or employment

of a deceptive or manipulative device.  Dudek, 295 F.3d at 879; Dacey v. Morgan Stanley Dean

Witter & Co., 263 F. Supp. 2d 706, 710 (S.D.N.Y. 2003); see also Feitelberg v. Merrill Lynch &

Co., 234 F. Supp. 2d 1043, 1051 (N.D. Cal. 2002), aff'd, 353 F.3d 765 (9th Cir. 2003) ("if it

looks like a securities fraud claim and acts like a securities fraud claim, it is a securities fraud

claim, no matter how you dress it up"); Araujo v. John Hancock Life Ins. Co., 206 F. Supp. 2d

377, 384-85 (E.D.N.Y. 2002) (rejecting artful pleading that put state-law labels on "what are in essence securities fraud claims").

Consistent with this approach, claims for breach of contract and other non-fraud claims have been removed to federal court or preempted under SLUSA.  See, e.g., Rowinski v. Solomon Smith Barney, Inc., 398 F.3d 294, 300 (3d Cir. 2005) (upholding SLUSA preemption of suit alleging breach of contract, unjust enrichment and violation of state consumer protection statute over plaintiff's erroneous assertion that "misrepresentation" must constitute an essential legal element of underlying claims); Dacey, 263 F. Supp. 2d at 708-10 (dismissing in part breach of contract action under SLUSA although the complaint "sounds purely in contract"); Prager v. Knight/Trimark Group, Inc., 124 F. Supp. 2d 229, 230, 235 (D.N.J. 2000) (breach of fiduciary duty, unjust enrichment); Professional Mgmt. Assocs. Employees' Profit Sharing Plan v. KPMG LLP, 335 F.3d 800, 802 (8th Cir. 2003) (aiding and abetting breach of fiduciary duty).  "[When] state law claims, such as breach of contract, breach of fiduciary duty, conversion, or negligence … become part of a larger deception" the "allegations are sufficient to trigger SLUSA."  In re Enron Corp. Sec. Derivative & ERISA Litig., 284 F. Supp. 2d 511, 638-39 (S.D. Tex. 2003).  Thus, the mere fact that plaintiffs did not expressly allege a misrepresentation claim neither is inconsistent with defendants' good faith removal under SLUSA, nor warrants the imposition of attorney's fees.

### 2.    *Courts Uniformly Deny Fee Petitions in Light of the Novelty and Complexity of SLUSA.*

Defendants accordingly request that this Court conclude, as have many other courts, that plaintiffs' fee petition should be denied because SLUSA is a novel and complex statute raising unsettled questions and yielding evolving areas of law.  For example:

- Zia v. Medical Staffing Network, Inc., 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (denying fees in SLUSA removal where action remanded because claims

not based solely on state law; noting split in authority between Second and Eleventh Circuits, the court found removal to be "close legal question").

- Central Laborers' Pension Fund v. Chellgren, No. Civ. A. 02-220-DLB, 2004 WL 134880 (E.D. Ky. Mar. 29, 2004) (denying SLUSA preemption of shareholder derivative suit, but deciding against fee award because "*SLUSA is fairly new legislation, the application of which is still being determined by the courts.* Interpreting and applying its provisions is still unfolding, and so the Court cannot conclude that the removal in this situation was frivolous or lacked merit.").

- Greaves v. McAuley, 264 F. Supp. 2d 1078, 1088 (N.D. Ga. 2003) (denying fees where "defendants had a reasonable basis in law to seek removal of this case. *[SLUSA] is a relatively unexplored statute*, and the preemption and remand issues raised here have not been resolved in the Eleventh Circuit . . . the question of whether removal was proper in this case is an *unsettled legal question with plausible arguments on both sides* of the issue.").

- Shuster v. Gardner, 319 F. Supp. 2d 1159, 1166 (S.D. Cal. 2003) (denying fees following remand based on amended complaint where original complaint was preempted by SLUSA and thus defendant's removal "not frivolous or motivated by bad faith").

- Feitelberg v. CreditSuisse First Boston LLC, No. C 03-3451-SC, 2003 WL 22434098, at *6 (N.D. Cal. Oct. 24, 2003) (denying fees where alleged wrongdoing not "in connection with" purchase or sale of covered security under because SLUSA "is a *complicated and evolving area of the law*, and it would be inappropriate to penalize Defendants for removing this action").

- Arlia  v. Blakenship, 234 F. Supp. 2d 606, 614 (W. Va. 2002) (denying fee request because removal under SLUSA was "*an unsettled legal question with plausible arguments on both sides* of the issue" where derivative suit held not to be "covered class action").

- Coykendall v. Kaplan, 2002 WL 31962137, at *4 (N.D. Cal. Aug. 1, 2002) (finding "[d]efendants had a reasonable basis to seek removal of this case, because the *SLUSA is a fairly recent law, and the preemption and removal issues have not been resolved in this circuit*" where derivative suit held not to be "covered class action").

- Wald v. C.M. Life Ins. Co., No. Civ. 3:00-CV-2520-H, 2001 WL 256179, at *7 (N.D. Tex. Mar. 8, 2001) (denying fees where SLUSA removal improper because underlying action for equitable relief was not covered class action within meaning of statute).

- Klein v. S.W. Gas Corp., No. 99-1004-IEG (CGA), 1999 WL 33944685, at *8 (S.D. Cal. Aug. 3, 1999) (denying fees where removal of state law claims relating to shareholder's rights in "voting their securities" improper under SLUSA

because removal "neither frivolous nor motivated by bad faith . . . [and] has not resulted in an unreasonable delay . . . or demonstrable prejudice to the other parties" given "complexity" of the case).[3]

Defendants respectfully suggest that their SLUSA arguments and authorities cited in their briefs, as well as the novelty, complexity and unsettled scope of SLUSA, the lack of controlling authority in the First Circuit and the Supreme Court, and this Court's initial denial of plaintiffs' motion to remand, demonstrate that they had a colorable basis for removal under SLUSA and that plaintiffs' fee petition should be denied.

## C.   Defendants Had a Colorable Basis for Removal Based on Diversity <u>Jurisdiction.</u>

Defendants' removal arguments based on diversity jurisdiction also were grounded in the law.  There is no question that complete diversity of citizenship exists between the parties. Defendants asserted that Section 1332's amount-in-controversy requirement was met under two theories.  First, defendants argued that the putative class action filed by plaintiffs in Pennsylvania state court was part of the same dispute that plaintiffs filed against Allmerica in Massachusetts federal court, in which plaintiffs alleged that their dispute with Allmerica *exceeded* the amount in controversy requirement.  <u>See</u> Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand at 7-8 (citing Massachusetts Complaint ¶ 7, which alleged that the "amount of each Plaintiff's damages exceeds $75,000").  Second, defendants argued that the amount-in-controversy was satisfied because plaintiffs' "right to recover turns on the suitability and appropriateness of their sales . . . of variable life insurance and annuities in the amounts of $500,000 (Sean Ries), $500,000 (John Murray), and $2,700,000 (Philip Murray)."  <u>Id.</u> at 9 (citing Pennsylvania Complaint ¶¶ 28-29, 36-39, 55-56).  The Court was not persuaded by these

---

[3] Plaintiffs even acknowledge that SLUSA is a complex and novel statute by attempting to justify a fee award based on their need to familiarize themselves "with relatively new securities laws in SLUSA."  Pls.' Motion ¶ 14.

arguments and held that removal was not proper based on diversity jurisdiction. See Order dated

October 6, 2004.

Plaintiffs do not contest that these arguments were made in good faith and had a

colorable factual and legal basis. However, even if they did, such a contention would not

withstand scrutiny. Even though the Court concluded that two of the named plaintiffs (Sean Ries

and John Murray) did not satisfy the amount in controversy, see Order dated October 6, 2004 at

2, this does not mean that defendants' arguments were made in bad faith. See, e.g., Flexcon, 190

F. Supp. 2d at 186 ("For the purposes of removal, the determination of the amount in controversy

is not always lucid.").[4]

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs'

Motion for Counsel Fees under 28 U.S.C. § 1447.

> Respectfully Submitted,
>
> ALLMERICA FINANCIAL CORPORATION,
> ALLMERICA FINANCIAL LIFE INSURANCE
> AND ANNUITY CO., and FREDERICK H.
> EPPINGER, JR.
>
> By their attorneys,
>
> /s/ Eric D. Levin
> Andrea J. Robinson (BBO# 556337)
> Jonathan A. Shapiro (BBO# 567838)
> Eric D. Levin (BBO# 639717)
> Brett R. Budzinski (BBO# 655238)
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109
> (617) 526-6000

Dated: June 17, 2005

---

[4] Under any method of calculation, plaintiffs alleged damages for the other two named plaintiffs (Philip Henry and Stephen Wedel) in an amount greater than $75,000. See Complaint ¶¶ 39, 40.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on this 17th day of June, 2005 on the following counsel of record:

<u>By Fax</u>

David M. Osborne, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210

<u>By Overnight Mail</u>

William C. Ries, Esq.
Jonathan S. McAnney, Esq.
Tucker Arensburg, P.C.
1550 One PPG Place
Pittsburgh, PA  15222

/s/ Eric D. Levin
Eric D. Levin