# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
SEAN D. RIES, JOHN R. MURRAY,        )
PHILIP C. HENRY, and others similarly    )
situated,                                      )
)       **Civil Action No.**
Plaintiffs,               )       **04-40179-FDS**
)
v.                         )
)
ALLMERICA FINANCIAL             )
CORPORATION, ALLMERICA       )
FINANCIAL LIFE INSURANCE AND   )
ANNUITY COMPANY, and FREDERICK )
H. EPPINGER, JR.,               )
)
Defendants.             )
_____)

## MEMORANDUM AND ORDER ON
## PLAINTIFFS' MOTION FOR COUNSEL FEES

**SAYLOR, J.**

      This is a dispute over commissions owed to insurance agents for sales of variable annuity and life insurance products.  This case was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania.  Defendants removed it to federal court in Pennsylvania, from which it was transferred to this Court.  On May 6, 2005, this Court remanded the matter to the state court in which it was originally filed.

      Plaintiffs now seek counsel fees pursuant to 28 U.S.C. § 1447(c) that were incurred in connection with the removal.  For the reasons set forth below, that motion will be denied.

**I.**     **Background**

      Plaintiffs, three former agents of defendant Allmerica Financial Life Insurance and Annuity

Company ("AFLIAC"), allege that defendants breached an agreement to pay the agents increased commissions on the sale of non-proprietary products (that is, annuity and life products administered by companies other than AFLIAC). The complaint alleges claims for breach of contract and violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1 *et seq.*

The complaint was originally filed on May 12, 2004, in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendants timely removed the action to the United States District Court for the Western District of Pennsylvania, on grounds of purported diversity and federal question jurisdiction, and moved to transfer the case to this Court. On July 13, 2004, plaintiffs moved to remand the action to the Pennsylvania state court for lack of federal jurisdiction.

On August 16, 2004, the District Court in Pennsylvania granted defendants' motion to transfer the case, on grounds of convenience and efficiency and to allow its consolidation with a related class action pending in this Court. The District Court explicitly left it to this Court to resolve plaintiffs' motion to remand.

Plaintiffs' motion to remand asserted essentially two grounds: first, that the $75,000 amount-in-controversy requirement for diversity jurisdiction was not satisfied, and second, that federal question jurisdiction did not exist because variable annuities and life insurance products were not "covered securities" within the meaning of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). *See* 15 U.S.C. §§ 77p(c), 77r(b).[1] On October 6, 2004, this Court

---

[1] SLUSA amended both the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, and the Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, to add removal and preemption provisions. *See* 15 U.S.C § 77p(b) to -(c) and § 78bb(f)(1) to -(2). The Securities Act is chiefly concerned with fraud and disclosure in connection with offerings

denied the motion to remand.  Although the Court agreed that the amount-in-controversy

requirement had not been met, the Court ruled that variable annuities were in fact "covered

securities" within the meaning of SLUSA, and that therefore federal question jurisdiction existed.

On November 29, plaintiffs filed a renewed motion for remand, in which they requested

that the Court reconsider its earlier ruling on subject matter jurisdiction. Plaintiffs argued that

even if the action involves a "covered security," it nonetheless did not meet the other

requirements for removal and preemption under SLUSA.  *See* 15 U.S.C. § 77p(b) to -(c).

The Court was persuaded by plaintiffs' arguments, and concluded that the matter was not,

in fact, preempted by SLUSA, and that therefore the Court did not have subject matter

jurisdiction over plaintiffs' state law claims.  The Court therefore remanded the matter to the

Pennsylvania Court of Common Pleas, where it was originally filed.  The Order of Remand was

issued on May 6, 2005, and the case was remanded to state court on May 10.

On June 3, 2005, plaintiffs filed a motion for attorneys' fees under 28 U.S.C. § 1447(c),

contending that it incurred substantial expenses as a result of defendants' improper removal.  In

connection with that motion, plaintiffs filed an affidavit of Attorney Jonathan S. McAnney of the

law firm of Tucker Arensberg, P.C., of Pittsburgh, Pennsylvania, indicating that it had billed

plaintiffs in the amount of $40,565.50 in attorneys' fees and $1,207.33 in other related expenses.

Defendants oppose on the grounds that the motion was untimely under Fed. R. Civ. P.

54(d)(2)(B) and that fees should not be awarded where there was a "colorable" basis to support

---

of securities, principally initial distributions of newly-issued stock from corporate issuers. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 752 (1975).  The Exchange Act is chiefly concerned with post-distribution trading on national stock exchanges and securities trading markets.  *Id.*

removal.[2]

## II.    Analysis

### A.    Whether the Motion Was Timely Filed

The statute governing procedure after removal provides in part as follows:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).  Plaintiffs did not request attorneys' fees with their motion to remand or their motion for reconsideration, and this Court's remand order of May 6, 2005, did not require payment of costs or actual expenses.  Instead, on June 3, 2005, plaintiffs filed a motion for counsel fees.

Defendants object on the grounds that the motion was untimely under Fed. R. Civ. P. 54(d)(2).  That rule provides in part as follows:

> (A)  Claims for attorneys' fees and related non-taxable expenses shall be made by motion . . . .

> (B)  Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment . . . .

*Id.*  There are thus at least two questions presented:  whether the Court has the authority to award attorneys' fees after the matter has been remanded, and, if so, whether the time limitation set forth in Rule 54(d)(2)(B) applies.

There is a conflict of authority as to the first question.  In *United Broadcasting Corp. v.*

---

[2] The pleadings in this case preceded the recent Supreme Court decision clarifying the standard to be applied in motions for attorneys' fees under 28 U.S.C. § 1447(c).  *See Martin v. Franklin Capital Corp.*, No. 04-1140, 2005 WL 3299410 (U.S. Dec. 7, 2005).

*Miami Tele-Communications, Inc.*, 140 F.R.D. 12, 14 (S.D. Fla. 1991), the court held that "the plain language of [§ 1447(c)] controls and clearly provides that if the court is going to award costs and expenses, including attorneys' fees . . ., it must be taken care of in the order of remand." *See Faust v. Pennsylvania Dept. of Revenue*, No. 89-7295, 1990 WL 11674 (E.D. Pa. Feb. 8, 1990) (same).  However, both the Sixth and Ninth Circuits have held to the contrary.  *See Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 255-57 (6th Cir. 1997); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

In *Stallworth*, the court held that the district court had jurisdiction after remand to consider collateral matters, such as an award of attorneys' fees.  105 F. 3d at 256.  It then concluded:

> We simply do not read the "plain language" of § 1447(c) in the same way as did the courts in *United Broadcasting* and *Faust*:  that an award [of attorneys' fees] has to occur in the very same order remanding the case, or not at all.  Indeed, the language of the statute—"an order remanding the case may require payment of . . . attorney fees"—is enabling, but does not purport to be exclusive.  If the order does not include an award of attorney fees, there is nothing in the statute to suggest that there cannot be a supplemental or amended order.

*Id*.  This Court finds that reasoning persuasive, and accordingly plaintiffs' failure to seek an award of attorneys' fees in the remand order itself is not fatal.

The second question, likewise, does not have a clear answer.  As noted, Fed. R. Civ. P. 54(d)(2)(B) states that "[u]nless otherwise provided by statute or order of the court, [a motion for attorneys' fees] must be filed no later than 14 days after entry of judgment."  There is nothing in § 1447(c) setting forth a different standard, nor did the Court order any other timetable for the filing of such a motion.  The question is thus whether an order of remand is a "judgment" within the meaning of Rule 54.

Under Rule 54(a), "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." An order remanding a case to the state court from which it was removed is "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). It therefore would seem to follow that an order of remand is not a "judgment" within the meaning of Rule 54(a), and that therefore the time limitation in Rule 54(d)(2)(B) does not apply.[3]

Nonetheless, in *Stallworth*, the Sixth Circuit held that "the proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)." 105 F. 3d at 257 (footnote omitted). *Accord Toledo Police Patrolmen's Ass'n v. City of Toledo*, 167 F. Supp. 2d 975, 977 (N.D. Ohio 2001); *see also 44 Liquormart, Inc. v. Rhode Island*, 940 F. Supp. 437, 439-42 (D.R.I. 1996).[4] The *Stallworth* court first concluded that a decision whether to award attorneys' fees was appealable, not withstanding § 1447(d), because the issue was merely collateral to the remand decision, and the remand decision itself was not reviewable.

---

[3] There is, however, a split in authority as to whether a SLUSA remand is reviewable. *Compare Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1119 (9th Cir. 2002) (§ 1447(d) bar on review of remand orders applies "regardless of whether the case was removed pursuant to the general removal statute or the removal provisions of SLUSA") *with Kircher v. Putnam Funds Trust*, 373 F.3d 847, 848-51 (7th Cir. 2004) (§ 1447(d) bar does not apply to SLUSA remands). The split stems form a disagreement as to whether a SLUSA remand is properly premised on a lack of subject matter jurisdiction. According to *Abada*, when the elements of SLUSA preemption are not met, the district court lacks subject matter jurisdiction, and remand is therefore required. *Accord Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 125 (2d Cir. 2003). *Kircher*, in contrast, held that because SLUSA authorizes federal district courts to assess the defendant's claim of preemption, a remand for failure to meet the SLUSA elements is *not* based on lack of subject matter jurisdiction.

Even assuming the analysis in *Kircher* is correct, however, applying that reasoning would not change the outcome of this matter. At the very least, if the remand order is a reviewable "judgment," then the 14-day window under Rule 54 would apply. Because plaintiffs failed move for attorneys' fees within that window, the claim would be time-barred.

[4] Plaintiffs cite *M.D.C. Wallcoverings v. State Bank of Woodstock*, 771 F. Supp. 242 (N.D. Ill. 1991), in support of the proposition that the fourteen-day limitation of Rule 54(d)(2)(B) does not apply to a motion for attorneys' fees after an order of remand. There, the motion was filed 29 days after entry of the remand order; the court did not address the timeliness of the motion at all, but simply granted it. More importantly, the opinion preceded the 1993 amendments to Rule 54 that imposed the 14-day deadline. The opinion is thus largely irrelevant to the present issue.

105 F.3d at 255.  It then addressed  whether the motion for attorneys' fees needed to be filed

within fourteen days of the remand order under Rule 54(d)(2)(B).  The defendant there argued

that the limitation in Rule 54(d)(2)(B) was irrelevant, because the remand order was not a

"judgment" as defined by Rule 54(a).  The court disposed of the argument summarily, stating:

"The conclusion reached . . . as to the reviewability of collateral matters disposes of that

objection."  *Id*. at 257 n. 6.

   This Court respectfully disagrees with that conclusion.  The issue is not whether the order

granting or denying attorneys' fees is a "judgment" within the meaning of Rule 54(a), but rather

whether the remand order itself is such a "judgment."  Under the plain language of Rule 54(a), it

is not.  The time limitation set forth in Rule 54(d)(2)(B) is therefore not applicable.

   The Court recognizes that rigorous time standards are generally desirable, and that it is

particularly undesirable to have litigation proceeding in two different courts at the same time.  In

the words of one court:

> Allowing a state court litigant to return to federal court whenever he may feel like
> doing so for the sole purpose of raising a fee claim multiplies litigation and serves,
> at best, as a distraction with regard to the state court proceedings, which otherwise
> normally will be devoted to more substantive and important issues.

*Toledo Police Patrolmen's Ass'n*, 167 F. Supp. 2d at 977.  More generally, the prompt filing of a

request for attorneys' fees is desirable in virtually all instances, as the Advisory Committee Notes

to Rule 54 make clear:

> One purpose of this provision is to assure that the opposing party is informed of
> the claim before the time for appeal has elapsed. . . .  In many nonjury cases the
> court will want to consider attorneys' fee issues immediately after rendering its
> judgment on the merits of the case. . . .
>
>   Prompt filing affords an opportunity for the court to resolve fee disputes

> shortly after trial, while the services performed are freshly in mind. It also enables
> the court in appropriate circumstances to make its ruling on a fee request in time
> for any appellate review of a dispute over fees to proceed at the same time as
> review on the merits of the case.

Fed. R. Civ. P. 54, Advisory Committee Notes to 1993 Amendments.

Nonetheless, the rules as written do not impose a fourteen-day limit on the filing of motions for attorneys' fees. Policies, even desirable policies, do not trump the clear command of statutes and rules. And if there is to be an exception to that general principle, this is not the place to invoke it, where the effect would be to bar potentially meritorious claims rather than preserve them.

The question then arises whether the motion was nonetheless untimely, even though there is no express time limitation in the Federal Rules of Civil Procedure. In the absence of a specific rule to the contrary, the Court concludes that a motion seeking attorneys' fees must at a minimum be made within a reasonable period of time. *See Muthig v. Brant Point Nantucket, Inc.*, 838 F. 2d 600, 604 (1st Cir. 1988) (motion for sanctions under Rule 11 must be made within a "reasonable time"). The motion here was made 28 days after the remand order and 24 days after the transfer of the case. Although the motion was filed somewhat late in the day, it was less than one month after the order, and defendants do not point to any prejudice. Accordingly, although plaintiffs are near the outer edge of reasonableness, the Court cannot conclude that the period of time was unreasonable.

The Court will turn next to the merits of plaintiffs' claim.

### B.    Whether the Court Should Award Attorneys' Fees

The Supreme Court recently announced that the proper standard for awarding attorneys'

fees pursuant to 28 U.S.C. § 1447(c) "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, No. 04-1140, 2005 WL 3299410, at *6 (U.S. Dec. 7, 2005). After reviewing the objectives of § 1774(c), the Court concluded that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

In order for an action to be preempted under SLUSA, the removing party must demonstrate (1) the suit is a "covered class action," as defined in SLUSA; (2) the action purports to be based on state law; (3) the action involves a "covered security" as defined in SLUSA; (4) the claims allege misrepresentation or omission of a material fact or employment of a manipulative or deceptive device; and (5) the wrongful conduct is alleged to have occurred "in connection with" the purchase or sale of a covered security. *See Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

Defendants met their burden of proving the first three elements, but ultimately failed to prove the fourth and fifth. That failure alone, however, does not demonstrate the lack of an objectively reasonable basis for removal. As the Supreme Court noted in *Martin*, "awarding fees simply because the party did not prevail 'could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success.'" 2005 WL 3299410, at *6 (quoting *Christiansburg Garment v. EEOC*, 434 U.S. 412, 422 (1978)).

Defendants claimed that although plaintiffs' complaint did not directly allege fraud, it impliedly did so. Such a claim, although not persuasive in the present case, was not entirely unreasonable, either. *See, e.g.*, *Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, 879 (8th Cir.

9

2002) (dismissal under SLUSA appropriate where, although complaint on its face did not allege fraud, misrepresentation, or omission, the "gravamen" of the complaint did).

Defendants' contention that the alleged misrepresentations were made "in connection with" the purchase or sale of covered securities was also not entirely unreasonable. As noted in the May 6 remand order, SLUSA does not define the phrase "in connection with." Courts, however, have relied on interpretations of similar language in Section 10(b) of the Securities Exchange Act of 1934 and S.E.C. Rule 10b-5. The Supreme Court has instructed lower courts to read the "in connection with" language of § 10(b) flexibly, not technically or restrictively. *See SEC v. Zandford*, 535 U.S. 813, 819 (2002). This Court determined that in light of *Zandford*, other relevant precedent, and the public policies underlying Congress's adoption of SLUSA, "the nexus between the sale of securities and the fraud" was simply "too tenuous" in the present case to support federal jurisdiction. The decision, however, was not simple or obvious, and defendants were entitled to argue, without penalty, that the "in connection with" language was flexible enough to cover the allegations in plaintiffs' complaint.

As many courts have noted, SLUSA is still relatively new legislation, and its contours continue to evolve. *See, e.g.*, *Central Laborers' Pension Fund v. Chellgren*, No. Civ. A. 02-220-DLB, 2004 WL 1348880, at *15 (E.D. Ky. Mar. 29, 2004) (noting "SLUSA is fairly new legislation, the application of which is still being determined by the courts"); *Greaves v. McAuley*, 264 F. Supp. 2d 1078, 1088 (N.D. Ga. 2003) (noting that SLUSA "is a relatively unexplored statute"). To assess fees in the present context may stifle future parties' legitimate attempts to pursue reasonable, but somewhat novel arguments that would better define those contours. *See Martin*, 2005 WL 3299410, at *6 ("[T]here is no reason to suppose Congress meant to confer a

10

right to remove, while at the same time discouraging its exercise in all but obvious cases.")  This
is particularly true considering that neither the First Circuit nor the Supreme Court has specifically
addressed the SLUSA provisions at issue.

       The Court is not without sympathy for the position of the plaintiffs, who were forced to
endure considerable expense, delay, and inconvenience by the removal of this case to federal court
and its transfer to a different state.  Such procedural maneuverings—which do nothing to advance
a claim to a just result, and which multiply litigation expenses significantly—are an unfortunate
feature of the judicial system in the United States, with its complex interplay of federal and state
jurisdiction.  The Court is also very much cognizant of the fact that its own error in denying the
petition for remand was a significant contributing cause to that expense and delay.  Nonetheless,
the Court cannot conclude that the removal was without any reasonable basis or was undertaken
in bad faith or "for the purpose of prolonging litigation and imposing costs on the opposing
party."  *Martin*, 2004 WL 3299410, at *6.  Accordingly, and notwithstanding its sympathy for
plaintiffs' position, the motion will be denied.

**III.**    <u>**Conclusion**</u>

       For the foregoing reasons, Plaintiffs' Motion for Counsel Fees Pursuant to 28 U.S.C. §
1447(c) is DENIED.

**So Ordered.**

                            /s/ F. Dennis Saylor
                            F. Dennis Saylor IV
                            United States District Judge

Dated: December 21, 2005

11